577 So.2d 684 (1991)
Isaac F. THOMPSON, Appellant,
v.
Simpson UNTERBERGER, Appellee.
No. 90-02563.
District Court of Appeal of Florida, Second District.
April 5, 1991.
*685 Isaac F. Thompson, pro se.
Simson Unterberger, pro se.
PER CURIAM.
Isaac Thompson appeals the denial of his petition for writ of mandamus. We reverse.
The petition is directed to the attorney who represented Thompson in his appeal from a 1982 sentence of death, and who was appointed by the court for that purpose. The appeal was successful in that the sentence was commuted to life in prison, but Thompson's conviction for first degree murder was affirmed. Thompson v. State, 456 So.2d 444 (Fla. 1984). Thompson now seeks to compel counsel to provide him "with a true and correct copy of the case records ... including but not limited to the transcripts of petitioner's trial." Counsel has agreed to furnish the transcripts in his possession only if provided in advance with the cost of photocopying and postage. Counsel maintains that he possesses "no papers or documents furnished by [Thompson]" apart from the trial transcripts.
The claim asserted in the petition is quite similar to Bermed v. Tacher, 565 So.2d 833 (Fla. 3d DCA 1990), in which the district court directed appointed counsel to furnish the petitioner with materials prepared in the course of representation. Transcripts provided at public expense to *686 facilitate an indigent defendant's appeal do not become the property of counsel once the appeal has been completed. We therefore see no reason why Thompson should be required to pay the cost of photocopying, in lieu of receiving the original transcript now in counsel's possession.
After remand, unless counsel can advance some compelling justification for imposing this expense upon Thompson, the trial court should grant the petition for mandamus if such action remains necessary to insure that Thompson receives his trial transcripts. On the other hand, we do not believe that counsel's insistence upon being reimbursed for postage is unreasonable, and the trial court should not require counsel to shoulder this burden. Furthermore, unless Thompson can identify with specificity the other "case records" he requires, and can demonstrate that they are his personal property and not counsel's work product, counsel should not be required to surrender or reproduce the contents of his file without adequate compensation.
Reversed.
SCHOONOVER, C.J., and CAMPBELL and THREADGILL, JJ., concur.