588 So.2d 644 (1991)
Eddie WOODSON, Petitioner,
v.
Joseph W. DUROCHER, etc., Louis Lorincz, etc., Respondents.
No. 91-1554.
District Court of Appeal of Florida, Fifth District.
October 24, 1991.
Rehearing Denied November 20, 1991.
Eddie Woodson, pro se.
Louis Lorincz, Orlando, for respondents.
DAUKSCH, Judge.
Petitioner was represented at trial by a public defender of the Ninth Judicial Circuit and now seeks a writ of mandamus to compel the public defender to provide free copies of documents in the public defender's file. The contents of an attorney's file relating to professional services performed for a client are the personal property of the attorney, not the client. See Dowda and Fields, P.A. v. Cobb, 452 So.2d 1140 (Fla. 5th DCA 1984). Petitioner is not seeking transcripts which have been paid for at public expense, as in Thompson v. Unterberger, 577 So.2d 684 (Fla. 2d DCA 1991) and Dubose v. Shelnutt, 566 So.2d 921 (Fla. 5th DCA 1990). Although the Public Defender's Office is an agency which maintains public records which must be available for inspection under the Florida Public Records Act, section 119.01, et seq., Fla. Stat. (1989), the act specifically provides that a custodian of public records shall furnish copies of those records "upon payment of the fee prescribed by law" and there is no provision for free copies. Section 119.07(1)(a), Fla. Stat. (1989). In the absence of a mandatory, ministerial duty on the part of the public defender to provide a former client with free copies of the attorney's file, mandamus is not appropriate.
WRIT DENIED.
PETERSON and DIAMANTIS, JJ., concur.