613 So.2d 1372 (1993)
Robert Lee EICHELBERGER, Petitioner,
v.
Deborah K. BRUECKHEIMER, Chief Assistant Public Defender, Tenth Judicial Circuit, Respondent.
No. 93-00215.
District Court of Appeal of Florida, Second District.
February 17, 1993.
Robert Lee Eichelberger, pro se.
PER CURIAM.
Robert Eichelberger seeks a writ of mandamus to compel the respondent to answer his correspondence. Respondent is the Chief Assistant Public Defender in charge of non-capital appeals for the Tenth Judicial Circuit.
Of primary concern to Eichelberger is a letter dated December 7, 1992, allegedly unanswered, in which he registers a number of complaints about the public defender's office. Some, such as a well-publicized delay in processing cases, are understandable; others, such as Eichelberger's assumption that his appeal will receive "only a cursory examination," seem to us gratuitous. Contrary to Eichelberger's present position, it is not clear to us that the letter calls for an immediate response. Conceivably respondent felt her time, and that of her staff, was better spent researching and writing briefs.
We do not mean to downplay the frustration experienced by prison inmates who believe their cause is just and who find themselves at the mercy of a judicial system *1373 whose operation may be slow in the best of times. However, the writ of mandamus is intended to accomplish certain limited functions and not to redress every grievance or disagreement. Mandamus is used to compel an official to perform lawful duties. State ex rel. Buckwalter v. City of Lakeland, 112 Fla. 200, 150 So. 508 (1933). An assistant public defender or court-appointed counsel is an "official." Thompson v. Unterberger, 577 So.2d 684 (Fla. 2d DCA 1991). The act in question must be "ministerial" and not merely discretionary. City of Miami Beach v. Mr. Samuel's, Inc., 351 So.2d 719 (Fla. 1977). Generally the writ will command the respondent to act, but not how to act. For example, the writ might issue against a public defender who, without justification, simply ceased to perform his or her statutory duty to perfect appeals. In contrast, mandamus would not lie to supervise the order of priority assigned to such appeals, and certainly not to monitor the flow of correspondence between attorney and client.
We write in this case primarily to express our concern, once again, about a needless proliferation of litigation instigated by prisoners. Prisoners may not be deprived of the right of access to the courts, see McCuiston v. Wanicka, 483 So.2d 489 (Fla. 2d DCA 1986) ("civil death" statute unconstitutional); but by abusing the right of access, a growing number of prisoner litigants are contributing to the very delay that underlies many of their petitions. This court, like all others in this country, operates with a finite number of judges and support staff, and under a finite amount of time. Each case competes with all others for a fair division of judicial resources. The simplest case exhausts taxpayer funds; such costs are seldom offset by filing fees which, in any event, are not assessed against indigents.
While pro se pleadings are entitled to liberal construction, and a petition will not be dismissed simply because it is mislabeled, Eichelberger's petition does not suffer from mere technical deficiencies. Rather, it completely fails to provide this court with any basis for exercising its supervisory powers. In short, his petition is frivolous, and it is hereby dismissed. No motion for rehearing will be entertained.
RYDER, A.C.J., and CAMPBELL and FRANK, JJ., concur.