647 So.2d 333 (1994)
Walter L. PEARCE, Appellant,
v.
E. Summers SHEFFEY, Appellee.
No. 92-04675.
District Court of Appeal of Florida, Second District.
December 28, 1994.
Walter L. Pearce, pro se.
FULMER, Judge.
Walter Pearce appeals the denial of his petition for writ of mandamus to compel his attorney to furnish him with a copy of the trial record. Because mandamus would be an appropriate remedy if the attorney was court-appointed, we reverse and remand for further proceedings in the trial court.
Pearce's petition stated that the court appointed an attorney to represent him on the direct appeal of his criminal conviction and sentence, which were affirmed by this court in 1991. The petition further claimed that his attorney refused to give him a copy of the record unless he paid a cost of $200.00. The trial court denied the petition for writ of mandamus, stating that "the relief sought is not justified by the evidence asserted and that Petitioner may obtain the relief sought by an affirmative injunction or even replevin."
This court has previously held that an indigent defendant is entitled to possession of a transcript which was provided at public expense to his court-appointed counsel, without being required to pay for photocopying the transcript. See Thompson v. Unterberger, 577 So.2d 684 (Fla. 2d DCA 1991). Mandamus is the appropriate remedy since it is used to compel an official to perform lawful duties. A court-appointed lawyer is an "official." See Eichelberger v. Brueckheimer, 613 So.2d 1372 (Fla. 2d DCA 1993); Thompson v. Unterberger, supra.
The nine-page record on this appeal contains nothing to refute the defendant's assertion in his petition and brief that his counsel was court-appointed. If that assertion is true, the defendant may be entitled to the relief sought. Accordingly, we reverse and remand for further consideration by the trial court.
DANAHY, A.C.J., and BLUE, J., concur.