698 So.2d 628 (1997)
Rudolph McCASKILL, Petitioner,
v.
Jeffrey DEES, Respondent.
No. 97-1560.
District Court of Appeal of Florida, Fifth District.
August 29, 1997.
Rudolph McCaskill, Crestview, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Respondent.
W. SHARP, Judge.
McCaskill seeks a writ of mandamus to compel his court-appointed counsel, Jeffrey Dees, to furnish him with documents from his file: the 1990 depositions of Darlene Jones Wilson and Carolyn Jones Wilson and statements that Darlene Jones made to Paul Usina which were witnessed by Debbie Fulgham. He also requested the transcript of oral argument in the direct appeal.
The record shows that Dees sent a letter to McCaskill, explaining that there is no transcript in his possession of the oral argument in the Fifth District Court of Appeal. In point of fact, this court does not normally make any kind of recording or transcription of the oral arguments presented here. It may be done by special request of the parties or the judges, but it is extremely rare.
However, the record is silent as to whether Dees communicated with McCaskill concerning the status of the other requested documents. In this regard, we think the writ should be granted. Private counsel who are appointed as special public defenders, as Dees was for McCaskill, can be compelled by mandamus to furnish files requested by their clients. See Dubose v. Shelnutt, 566 So.2d 921 (Fla. 5th DCA 1990) (special assistant public defenders required to furnish client with depositions, upon request, in a completed case); Bermed v. Tacher, 565 So.2d 833 (Fla. 3d DCA 1990) (special public defender required to deliver documents and transcripts requested by client); R. Regulating Fla. Bar 4-1.16(d). Based on the response filed in this proceeding, Dees claims he searched his files and records but could not find the record on appeal. He concedes he has no cover letter indicating he sent the file to McCaskill, nor has he apparently communicated with McCaskill to tell him those facts. He must do one or the other.
Petition for Writ of Mandamus GRANTED.
THOMPSON and ANTOON, JJ., concur.