701 So.2d 1168 (1997)
Robert Joseph LONG, Petitioner,
v.
Bob DILLINGER, etc., Respondent.
No. 90617.
Supreme Court of Florida.
November 13, 1997.
Sidney W. Kilgore, Assistant CCR, Office of the Capital Collateral Representative, Tampa, for Petitioner.
Bob Dillinger, Public Defender, Sixth Judicial Circuit, Clearwater, for Respondent.
PER CURIAM.
Robert Joseph Long petitions this Court for a writ of mandamus to require Bob Dillinger, the public defender for the Sixth Judicial Circuit, to relinquish possession and control of his file in State v. Long, No. 84-2275CFAES (Fla. 6th Cir.Ct.1984)(Long's Pasco County case). We have jurisdiction. Art. V, § 3(b)(8), Fla. Const.
In the Pasco County case, Long was represented by the public defender on a charge of first-degree murder. He was convicted as charged and sentenced to death. Subsequently, his conviction and sentence were vacated by this Court based on insufficient evidence. Long v. State, 689 So.2d 1055 (Fla.1997). Long was also sentenced to *1169 death for first-degree murder in Hillsborough County. That sentence has been affirmed by this Court. Long v. State, 610 So.2d 1268 (Fla.1992)
The capital collateral representative (CCR) is now representing Long in the collateral proceedings involving the Hillsborough County death sentence. CCR is seeking to obtain the public defender's file in Long's Pasco County case to aid in the Hillsborough County collateral proceeding. According to CCR, the public defender has determined that he will provide CCR access to the file but that he will not release the original file to CCR. CCR asserts that the file belongs to Long and may not be withheld by the public defender.
We have previously determined that the files of attorneys who represent indigent defendants are not public records under chapter 119, Florida Statutes (1995). Kight v. Dugger, 574 So.2d 1066 (Fla.1990). In Kight, we did state that such files are the private records of the defendant. We did so, however, in explaining why CCR did not have to disclose its files to the state attorney. We noted that such files are prepared and maintained for the purpose of aiding in the defense of the accused. Further, we stated that CCR and the public defender perform an essentially private function by advancing the interests of the client. We then concluded that to allow the state access to CCR's files would subject the records of a defendant represented by CCR or a public defender to public disclosure while those of a defendant represented by private counsel would be immune from such disclosure. Id. at 1069. Thus, we were comparing the files maintained by CCR and the public defender to those maintained by private counsel.
As noted by the Fifth District Court of Appeal in Dowda & Fields, P.A. v. Cobb, 452 So.2d 1140 (Fla. 5th DCA 1984), files prepared and maintained by attorneys on their clients' cases are commonly referenced by a particular client's name. In reality, however, such referral simply means that the file relates to a particular client; the file and its contents are the personal property of the attorney. Id. at 1142. The court reached this conclusion based on the fact that the attorney's file may or may not contain documents or other property of the client. Importantly, the court noted that, while the attorney may have an ethical duty to communicate information to successor counsel, only actual property of the client must be returned. Id.
Similarly, in Thompson v. Unterberger, 577 So.2d 684 (Fla. 2d DCA 1991), the district court concluded that a client's personal property and transcripts provided at public expense to facilitate an indigent defendant's appeal should be provided to successor counsel but that counsel should not be required to surrender or reproduce other contents of a client's file without adequate compensation.
We conclude that the public defender's file on Long is the property of the public defender, and we will not require that office to surrender its original file to CCR. However, we also conclude that the public defender must allow CCR to view Long's file and must provide CCR, for adequate compensation, copies of all useful information contained in the file. In reaching this conclusion, we emphasize and agree with the Fifth District Court of Appeal's suggestion that, under certain circumstances, an ethical duty may exist to communicate information regarding a case to successor counsel. Cobb, 452 So.2d at 1142. Additionally, as noted by the Second District, transcripts and other record documents that have been prepared or obtained at public cost for Long as an indigent defendant should be surrendered to CCR without charge.
Accordingly, we deny the petition to require the public defender to surrender Long's entire original Pasco County file to CCR.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.