732 So.2d 428 (1999)
Angel M. COLON, Appellant,
v.
Michael L. IRWIN, Appellee.
No. 98-2351.
District Court of Appeal of Florida, Fifth District.
April 30, 1999.
Angel M. Colon, Avon Park, pro se.
No appearance for Appellee.
GRIFFIN, C.J.
Angel M. Colon ["Colon"] appeals the order of the Orange County Circuit Court dismissing his petition for writ of mandamus. We reverse.
Colon is a juvenile serving a term of his natural life in prison. He filed, prose, a petition for mandamus in the lower court to compel Michael L. Irwin ["Irwin"] special court appointed defense counsel, to relinquish a set of all pre-trial depositions and other documents or records produced at the public expense in his criminal case for first-degree premeditated murder. Colon contends that the documents requested are necessary for post-conviction relief and should be provided at no cost. *429 Colon further asserts that Irwin, as special appointed defense counsel, is an "official" for purposes of seeking relief by mandamus.
The trial court dismissed Colon's petition, finding that there is no authority in "the law and practice of the State of Florida" for issuing a writ of mandamus against special appointed defense counsel that would "improperly place a financial burden on him that is not part of a defense counsel's duties."
The controlling law on this point, which was cited to the lower court by appellant, appears well settled that a specially appointed public defender must turn over to his client depositions taken at public expense. Long v. Dillinger, 701 So.2d 1168, 1169 (Fla.1997); Harris v. Webb, 711 So.2d 641 (Fla. 1st DCA 1998); McCaskill v. Dees, 698 So.2d 628 (Fla. 5th DCA 1997); Pearce v. Sheffey, 647 So.2d 333 (Fla. 2d DCA 1994); Eichelberger v. Brueckheimer, 613 So.2d 1372, 1373 (Fla. 2d DCA 1993); Thompson v. Unterberger, 577 So.2d 684, 685-86 (Fla. 2d DCA 1991); Dubose v. Shelnutt, 566 So.2d 921 (Fla. 5th DCA 1990).
Here, Colon seeks to have depositions prepared for trial that are not contained in the record of his criminal appeal. He is entitled to have them. If counsel wishes to retain a copy for his own records, he must make one at his own expense.
REVERSED and REMANDED.
PETERSON and THOMPSON, JJ., concur.