782 So.2d 548 (2001)
David M. SANFORD, Appellant,
v.
Andrea BLACK, Esquire, Appellee.
No. 5D00-1978.
District Court of Appeal of Florida, Fifth District.
April 20, 2001.
David M. Sanford, Punta Gorda, pro se.
No Appearance for Appellee.
SAWAYA, J.
David Sanford appeals the order denying his petition for writ of mandamus *549 which he filed against his former attorney, Andrea Black, in an attempt to obtain free copies of all case-related documents in her possession. We reverse and remand for further proceedings.
In 1996, Ms. Black, a specially-appointed public defender, represented Mr. Sanford against a number of sexual battery charges. He eventually entered a plea of no contest to one count and was sentenced to fifteen years' incarceration. Thereafter, Mr. Sanford wrote Ms. Black several times asking for copies of documents in her possession to which he claimed a right. Ms. Black wrote Mr. Sanford that she had provided him with copies of "absolutely every pleading and every transcript of deposition that was taken." Because she had already provided him with copies, Ms. Black wrote, duplicate copies should not be necessary. Mr. Sanford petitioned the circuit court to issue a writ of mandamus forcing Ms. Black to "turn over all transcripts, documents, depos, and investigative reports and state supplied discovery in her possession, as well as those given to her by previously disqualified attorney Kelly Simm...."
Although his petition does not contain the assertion that Ms. Black retook possession of the documents she originally provided him, Mr. Sanford's letters to Ms. Black, attached to his petition, contain that claim and were highlighted. In his brief, Mr. Sanford admits that he had received copies of the documents at one time, but contends that Ms. Black took them back into her possession for safekeeping.[1] Ms. Black has not denied this claim; rather, she has stated only that she already provided him with copies. Neither her reply to Mr. Sanford nor her response to the show cause order issued by the circuit court answers the question of whether she retook possession of those copies as asserted by Mr. Sanford. If Mr. Sanford's claim is correct, then he would be entitled to the return of the documents.[2]See Long v. Dillinger, 701 So.2d 1168, 1169 (Fla.1997) (observing that "transcripts and other record documents that have been prepared or obtained at public cost for [the defendant] as an indigent defendant should be surrendered... without charge"); Ramos v. State, 757 So.2d 616 (Fla. 3d DCA 2000) (reversing with direction that specially appointed public defender be ordered to give defendant any trial transcripts in his possession); Colon v. Irwin, 732 So.2d 428, 429 (Fla. 5th DCA 1999) (noting that it is "well settled that a specially appointed public defender must turn over to his client depositions taken at public expense").
Although the circuit court correctly recognized the law in denying Mr. Sanford's petition, the circuit court never addressed the underlying claim presented by Mr. Sanford, probably because of the inartful way in which Mr. Sanford presented it. Accordingly, we reverse the denial of the petition and remand for a hearing on Mr. Sanford's claim. If it is determined that Ms. Black did retake possession of the documents that she had originally provided Mr. Sanford, then Mr. Sanford would be entitled to the relief sought.
*550 REVERSED and REMANDED for further proceedings.
THOMPSON, C.J., and HARRIS, J., concur.
NOTES
[1] Mr. Sanford states that Ms. Black took them back for safekeeping after she informed him that other inmates could gain access to the documents and use them to testify against him as a bargaining tool in their own cases. He admits that he has copies of the pleadings, but asserts that the copies of the transcripts and depositions were placed in a gray box. It is the contents of that gray box that he wants returned to him.
[2] His new claim for the F.D.L.E. DNA report seeks Ms. Black's work product and, as the circuit court correctly held, Mr. Sanford must compensate Ms. Black for a copy of this report.