861 So.2d 1214 (2003)
Jerome DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1819.
District Court of Appeal of Florida, Second District.
December 10, 2003.
*1215 Jerome Davis, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Jerome Davis challenges the circuit court's dismissal of his petition for a writ of mandamus. We reverse.
Davis filed a letter with the Florida Supreme Court seeking to compel his public defender to turn over certain trial transcripts and depositions to Davis. The supreme court forwarded the letter to the circuit court with instructions to treat the letter as a petition for a writ of mandamus. Rather than ruling on the petition, the circuit court held it for eighteen months and then dismissed it for "lack of prosecution." In the order dismissing the petition, the court also stated that a writ of mandamus was not a proper vehicle for Davis's request. Davis appealed this dismissal to the supreme court, which transferred the appeal to this court. Because the circuit court erred in dismissing Davis's petition, we reverse.
We note initially that a petition for a writ of mandamus may not be dismissed for the petitioner's "lack of prosecution." When a trial court receives a petition for a writ of mandamus, its initial task is assessing the petition to determine whether it is facially sufficient. Holcomb. v. Dep't of Corr., 609 So.2d 751 (Fla. 1st DCA 1992). If it is not facially sufficient, the court may dismiss the petition. Id. Otherwise, if the petition states a legally sufficient claim, the court must issue an "alternative writ in mandamus" ordering the respondent to show cause why the writ should not be granted. Fla. R. Civ. P. 1.630(d)(3); Holcomb, 609 So.2d at 753 (citing Conner v. Mid-Fla. Growers, Inc., 541 So.2d 1252, 1256 (Fla. 2d DCA 1989)). Therefore, the circuit court could dismiss Davis's petition for failure to state a legally sufficient claim but not for "lack of prosecution."
*1216 It appears from the circuit court's order that the court determined the petition was not legally sufficient because a writ of mandamus was "not the proper vehicle for this request." To be valid, a petition for a writ of mandamus must show that the petitioner has a clearly established legal right to have the respondent public officer perform a nondiscretionary duty. State ex rel. Buckwalter v. City of Lakeland, 112 Fla. 200, 150 So. 508 (1933); McDaniel v. City of Lakeland, 304 So.2d 515 (Fla. 2d DCA 1974). The law is clear that an indigent defendant is entitled to his criminal trial transcripts, including depositions, prepared at public expense and that a writ of mandamus is a proper means to compel a public defender to furnish a defendant with such transcripts. See Pearce v. Sheffey, 647 So.2d 333 (Fla. 2d DCA 1994); Thompson v. Unterberger, 577 So.2d 684 (Fla. 2d DCA 1991); Colon v. Irwin, 732 So.2d 428 (Fla. 5th DCA 1999); Harris v. Webb, 711 So.2d 641 (Fla. 1st DCA 1998). Because Davis stated a facially sufficient claim for mandamus relief, the trial court erred by not issuing an alternative writ ordering the public defender to show cause why the relief should not be granted. Therefore, we reverse and remand for the circuit court to issue an alternative writ in mandamus.
Reversed and remanded.
CASANUEVA and SILBERMAN, JJ., Concur.