869 So.2d 1223 (2004)
Frank T. POTTS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2536.
District Court of Appeal of Florida, Second District.
March 26, 2004.
*1224 Frank T. Potts, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Frank Potts, pro se, appeals the trial court's order denying his petition for writ of mandamus. The State concedes that the trial court erred, and we reverse and remand for the trial court to grant the petition, in part. We reject, without comment, Potts' claim for accumulated court costs and attorney's fees.
Potts filed a petition for writ of mandamus in the circuit court seeking to compel his appointed counsel, Byron Hileman, to turn over original documents contained in Hileman's case file at no cost to Potts. Hileman had been appointed to represent Potts in a post-conviction proceeding. Attached to the petition was a copy of a letter from Potts to Hileman listing some of the documents that Potts had requested. The trial court denied the petition on the basis that Potts was not entitled to his attorney's original trial records.
In a motion for rehearing, Potts clarified that he was seeking the case file pertaining to a post-conviction evidentiary hearing held on August 30, 2002, not his original trial records. Potts stated that he specifically requested lab test results, personal paperwork collected by Hileman's investigator, other communications made on Potts' behalf from an individual to Hileman, a transcript of the hearing of August 30, 2002, and other documents in the file concerning the evidentiary hearing. The trial court denied the motion for rehearing, stating that Potts was seeking Hileman's notes from the case file and that the notes were work product and not subject to release to Potts.
On appeal, the State concedes that this court should direct the trial court to grant the petition for writ of mandamus to the extent that Potts seeks documents *1225 belonging to him or obtained at public expense. The State contends that the petition should be denied to the extent that it requests free copies of other documents in Hileman's file. We agree.
Files prepared and maintained by an attorney for the purpose of representing a client are the attorney's personal property. See Long v. Dillinger, 701 So.2d 1168, 1169 (Fla.1997). However, transcripts that were prepared at public expense on behalf of an indigent defendant must be provided to the defendant without charge for copying. Thompson v. Unterberger, 577 So.2d 684, 685-86 (Fla. 2d DCA 1991); Colon v. Irwin, 732 So.2d 428, 429 (Fla. 5th DCA 1999). Similarly, a defendant is entitled to the return of personal property that he or she provided to counsel. See Thompson, 577 So.2d at 686. "Mandamus is the appropriate remedy since it is used to compel an official to perform lawful duties. A court-appointed lawyer is an `official.'" Pearce v. Sheffey, 647 So.2d 333, 333 (Fla. 2d DCA 1994). Thus, Potts is entitled to relief regarding his personal property and transcripts prepared on his behalf at public expense. Apart from such items, Hileman cannot be required to provide other documents that are in the case file to Potts without adequate compensation. See Thompson, 577 So.2d at 686; see also Sanford v. Black, 782 So.2d 548, 549 n. 2 (Fla. 5th DCA 2001) (noting that the client must compensate his specially-appointed public defender for a copy of a lab report that was the attorney's work product).
We also find no merit in Potts' argument that the Public Records Act, chapter 119, Florida Statutes (2002), entitles him to free copies of all records generated in his case. In Woodson v. Durocher, 588 So.2d 644 (Fla. 5th DCA 1991), the Fifth District recognized that mandamus is not the appropriate remedy when the public defender does not have a mandatory duty to provide free copies of the attorney's file to the client under the Public Records Act. Even though Potts is entitled to certain items, as discussed above, the Public Records Act does not give him an unfettered right to all records relating to his case, free of charge. In fact, the Public Records Act provides for a fee to obtain copies of documents. Woodson, 588 So.2d at 644; see also § 119.07(1)(a), Fla. Stat. (2002); Smith v. State, 696 So.2d 814, 816 (Fla. 2d DCA 1997) (recognizing that applicable defenses, such as nonpayment, may be raised when prisoners seek mandamus relief to compel disclosure of public records under chapter 119).
Accordingly, we reverse the trial court's order denying the petition for writ of mandamus. On remand, the trial court shall grant the petition to the extent that the petition requests documents belonging to Potts or transcripts or other record documents obtained on Potts' behalf at public expense. The trial court shall deny the petition to the extent that it requests free copies of other documents contained in attorney Hileman's file that constitute Hileman's property or work product.
Reversed and remanded.
DAVIS, J., and THREADGILL, EDWARD F., Senior Judge, Concur.