975 So.2d 472 (2007)
Gary W. RADFORD, Appellant,
v.
Dwight E. BROCK and Lisa Holton, Appellees.
No. 2D06-1931.
District Court of Appeal of Florida, Second District.
June 1, 2007.
Gary W. Radford, pro se.
John W. Carter, Naples, for Appellee Dwight E. Brock.
Lisa Holton, pro se.
ALTENBERND, Judge.
Gary W. Radford, pro se, appeals the circuit court's order denying his petition for writ of mandamus, which sought production of records relating to his 1988 conviction. We affirm the circuit court's order because the court cannot compel the court reporter or clerk to produce records over which they do not have custody.
In 1988, Mr. Radford was convicted of sexual battery on a victim under the age of *473 twelve and lewd and lascivious assault on a child under the age of sixteen. He was sentenced to life in prison. This court affirmed his convictions on direct appeal.[1] Since then, this court has affirmed four of Mr. Radford's postconviction appeals.[2] In 2005, however, this court reversed and remanded the circuit court's order denying Mr. Radford's petition for writ of mandamus because the circuit court did not follow the proper procedure to address the petition. Radford v. Brock, 914 So.2d 1066, 1067 (Fla. 2d DCA 2005).
Mr. Radford filed the petition because he was seeking production of records relating to his 1988 criminal trial. He requested a number of documents, including files from the offices of the State Attorney and the Public Defender and the investigative reports by the Department of Health and Rehabilitative Services and by the Collier County Sheriff's Office. Mr. Radford alleges that the Clerk of the Circuit Court and Ms. Lisa Holton, as the owner of Naples Court Reporting, Inc., are the legal custodians of public records for Collier County. As such, Mr. Radford asserts that despite several record requests, the clerk and Ms. Holton have failed to produce certain documents relating to his criminal trial in 1988.
On remand from this court's prior opinion, the circuit court complied with the proper procedures for addressing these writs by issuing an order to show cause why the petition for writ of mandamus should not be granted. In response, the court reporter and the clerk submitted sworn affidavits attesting that they do not have the records Mr. Radford requests. Under section 28.13, Florida Statutes (1987), the clerk has a duty to "keep all papers filed in his office with the utmost care and security, arranged in appropriate files (endorsing upon each the time when the same was filed)." The court reporter must retain the original notes of proceedings for specified time periods, such as two years for proceedings when a transcript was prepared and for ten years in a felony case when a transcript was not prepared. See Fla. R. Jud. Admin. 2.075(e)(1), (2) (1988).
The documents Mr. Radford requested date back almost twenty years. They are not the type of records the clerk is required to retain. Mr. Radford must seek these documents from the sources that created them. See Potts v. State, 869 So.2d 1223, 1224-25 (Fla. 2d DCA 2004) (stating that attorney files prepared for the purpose of representing a client are the attorney's personal property, but that a defendant is entitled to the return of personal property that he provided to counsel and transcripts prepared on his behalf at public expense).
Both the clerk and Ms. Holton would prefer this court to enter an order barring Mr. Radford from filing similar legal actions in the future. Although any further petition seeking records from them that are not in their custody would appear to be without merit, this court cannot enter an order in this proceeding barring future filings by Mr. Radford in the circuit court. Any such order would need to be entered by the circuit court in accordance *474 with the procedures explained in State v. Spencer, 751 So.2d 47 (Fla.1999).
Affirmed.
SILBERMAN and CANADY, JJ., Concur.
NOTES
[1] Radford v. State, 594 So.2d 743 (Fla. 2d DCA 1991).
[2] Radford v. State, 935 So.2d 10 (Fla. 2d DCA 2006); Radford v. State, 871 So.2d 230 (Fla. 2d DCA 2004); Radford v. State, 803 So.2d 731 (Fla. 2d DCA 2001); Radford v. State, 664 So.2d 254 (Fla. 2d DCA 1995).