961 So.2d 1044 (2007)
OFFICE OF the PUBLIC DEFENDER; Fourth Judicial Circuit of Florida, Appellant,
v.
William Rodney MADISON, Appellee.
No. 1D06-1746.
District Court of Appeal of Florida, First District.
July 20, 2007.
Bill White, Public Defender, and Ward L. Metzger, Assistant Public Defender, Jacksonville, for Appellant.
Appellee William Rodney Madison, pro se.
PER CURIAM.
Once the Office of the Public Defender's representation of an indigent defendant ends, the office must, upon request, surrender any trial transcripts in its possession to the defendant. See Pearce v. Sheffey, 647 So.2d 333 (Fla. 2d DCA 1994) (finding public defender must relinquish transcript to petitioner upon conclusion of underlying appeal); Thompson v. Unterberger, 577 So.2d 684 (Fla. 2d DCA 1991) (finding petitioner entitled to transcripts in possession of his former public defender); *1045 see also Davis v. State, 861 So.2d 1214, 1216 (Fla. 2d DCA 2003) ("[M]andamus is a proper means to compel a public defender to furnish a defendant with such transcripts."). A public defender, however, is under no legal duty to provide copies of trial transcripts to an indigent defendant while still representing the defendant on direct appeal. Accordingly, we REVERSE the trial court's grant of mandamus.
KAHN, LEWIS and HAWKES, JJ., concur.