963 So.2d 359 (2007)
Michael HARRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5338.
District Court of Appeal of Florida, Second District.
August 29, 2007.
*360 SALCINES, Judge.
Michael Harrell appeals the postconviction court's order summarily denying his motion to compel his former appointed counsel to turn over numerous documents, free of charge. We affirm the postconviction court's order without prejudice to Harrell's right to file a proper petition for writ of mandamus clearly identifying the documents that Harrell claims he is legally entitled to obtain.
In February 2006, Harrell pleaded nolo contendere and was sentenced to prison. Three months later, Harrell mailed his counsel a letter requesting numerous documents relating to his case. In his letter, Harrell threatened that if counsel did not comply with his request, he would file a complaint with the Florida Bar and a petition for writ of mandamus with the circuit court. After the Office of the Public Defender responded to Harrell's letter and indicated that the requested documents were "available through the Clerk of Court upon payment of appropriate fees," Harrell filed his present motion to compel, but he did not file a petition for writ of mandamus.
Although the postconviction court correctly denied the motion to compel, it should have treated the motion as a petition for writ of mandamus[1] and determined whether it was facially sufficient or if more particularity was required. "Mandamus is the appropriate remedy since it is used to compel an official to perform lawful duties. A court-appointed lawyer is an `official.'" See Potts v. State, 869 So.2d 1223, 1225 (Fla. 2d DCA 2004) (quoting Pearce v. Sheffey, 647 So.2d 333, 333 (Fla. 2d DCA 1994)).
In his motion, Harrell cited Thompson v. Unterberger, 577 So.2d 684 (Fla. 2d DCA 1991), and argued that because he is indigent he is entitled to any transcripts or depositions that were prepared at public expense without charge for copying. He attached a copy of the letter he previously mailed to his counsel requesting numerous other documents. The postconviction court, relying on Potts, 869 So.2d 1223, summarily denied Harrell's motion to compel, correctly concluding that he did not request any specific personal property or specific transcripts. Additionally, the postconviction court noted that the majority of the documents requested typically reside in the court file and can be obtained from the clerk of court.
We note that Harrell, if indigent, may be entitled to transcripts that were prepared at public expense on his behalf and any personal property he provided to counsel, without charge for copying. See id. at 1225. However, Harrell apparently requested other items that counsel cannot be *361 required to provide without adequate compensation. See id. (citing Thompson, 577 So.2d at 686; Sanford v. Black, 782 So.2d 548, 549 n. 2 (Fla. 5th DCA 2001)). Accordingly, we affirm without prejudice to Harrell's filing of a proper petition for writ of mandamus, specifically identifying the items that he claims he is legally entitled to receive.
Affirmed.
STRINGER and LaROSE, JJ., Concur.
NOTES
[1] "A party petitioning for a writ of mandamus must establish a clear legal right to performance of the act requested, an indisputable legal duty, and no adequate remedy at law." Radford v. Brock, 914 So.2d 1066, 1067 (Fla. 2d DCA 2005) (quoting Smith v. State, 696 So.2d 814, 815 (Fla. 2d DCA 1997)). "When a trial court receives a petition for a writ of mandamus, its initial task is assessing the petition to determine whether it is facially sufficient. If it is not facially sufficient, the court may dismiss the petition." Id. at 1067-68 (quoting Davis v. State, 861 So.2d 1214, 1215 (Fla. 2d DCA 2003) (citations omitted)). "If the petition is facially sufficient, the court must issue an alternative writ of mandamus requiring the respondent to show cause why the writ should not be issued." Id. at 1068 (citing Moore v. Ake, 693 So.2d 697, 698 (Fla. 2d DCA 1997); Conner v. Mid-Florida Growers, Inc., 541 So.2d 1252, 1256 (Fla. 2d DCA 1989)).