990 So.2d 1257 (2008)
Anthony ZITO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-413.
District Court of Appeal of Florida, Second District.
September 26, 2008.
ALTENBERND, Judge.
Anthony Zito seeks review of a circuit court order denying his "motion for production" of certain records related to his criminal judgments and sentences in circuit court case numbers 02-CF-14779 and 02-CF-14925 and denying his motion to extend time to file a postconviction motion related to these same judgments and sentences. We affirm the order.
The motion to extend time to file a postconviction motion was properly denied. The two-year period normally permitted for filing a postconviction motion had expired as to these two circuit court case numbers well before this motion was filed, and the motion contained no allegation that might extend the period. See Fla. R.Crim. P. 3.050; State v. Boyd, 846 So.2d 458, 459-60 (Fla.2003). Further, any postconviction motion alleging ineffective assistance of trial counsel in these circuit court cases would be successive to earlier motions. To the extent Mr. Zito is seeking to allege ineffective assistance of postconviction counsel, no such claim exists. See Kokal v. State, 901 So.2d 766, 777 (Fla. 2005).
The circuit court also properly denied Mr. Zito's motion for production of documents. Mr. Zito is not entitled to records in the possession of the state attorney or the clerk of the circuit court free of charge. See Carr v. State, 495 So.2d 282, 282 (Fla. 2d DCA 1986); Woodfaulk v. State, 935 So.2d 1225, 1226 (Fla. 5th DCA 2006). Although Mr. Zito may be entitled to limited records from counsel appointed to represent him before the circuit court without having to pay for the costs of providing those records, see, e.g., Potts v. State, 869 So.2d 1223, 1224-25 (Fla. 2d DCA 2004), he must first request those limited documents from appointed counsel and then seek mandamus with the circuit court if the records are not properly provided. Id. Our affirmance of the order now on appeal is without prejudice to Mr. Zito seeking appropriate records from his appointed counsel in this manner if he has not already done so.
Affirmed.
CASANUEVA and WALLACE, JJ., Concur.