ALTENBERND, Judge.
 

 Junior Raymond appeals the denial of his petition for writ of mandamus. He petitioned the trial court, asking it to compel his former attorney, the Office of Criminal Conflict and Civil Regional Counsel, to respond to his request for copies of his criminal records and to provide documents in accordance with our opinion in
 
 Potts v. State,
 
 869 So.2d 1223 (Fla. 2d DCA 2004). The trial court denied the petition without obtaining any response from the regional counsel. We reverse the order and remand for further proceedings in which the court shall obtain a response from Mr. Raymond’s former attorney.
 
 [1]
 

 Mr. Raymond is serving a sentence of two years, eleven months, and fifteen days in prison for an aggravated battery that occurred in 2008. He was sentenced in April 2009 and did not appeal his judgment and sentence. Thus, given the limited record in this appeal, this court has virtually no information about the case in the trial court.
 

 Mr. Raymond’s petition for mandamus attaches a copy of the letter he sent to his former attorney. The letter asks for a wide array of material. It is likely that the former attorney does not have copies of some of the material requested and that some of the requested items do not exist. It is also likely that Mr. Raymond is not entitled to some of the information unless he arranges to reimburse his former attorney for the cost of these documents. Mr. Raymond’s letter expressly asks that he receive “tangible papers obtained from or belonging to defendant.” The petition alleges that his former attorney did not respond in any manner to his letter.
 

 The trial court denied the petition for mandamus without obtaining any response from Mr. Raymond’s former attorney. Although the order adequately explains the law concerning such production of documents to Mr. Raymond, the trial court essentially concluded that it could determine that the petition was without merit from a review of the court file. We are not convinced that this can be done in this case for two reasons.
 

 First, because Mr. Raymond asked his former attorney to return the papers belonging to him, there is no way for the trial court to know whether counsel has such papers from a review of the court file. We do not conclude that the law requires Mr. Raymond to identify those documents with specificity in his petition for writ of mandamus. This is especially true in the context of an attorney who did not respond to the former client’s request in any manner.
 

 Second, Mr. Raymond’s letter asked for these documents pursuant to the holding in
 
 Potts.
 
 In
 
 Potts,
 
 we explained:
 

 “Mandamus is the appropriate remedy since it is used to compel an official to perform lawful duties. A court-appointed lawyer is an ‘official.’ ”
 
 Pearce v. Sheffey,
 
 647 So.2d 333, 333 (Fla. 2d DCA 1994). Thus, Potts is entitled to relief regarding his personal property and
 
 *948
 
 transcripts prepared on his behalf at public expense. Apart from such items, Hileman cannot be required to provide other documents that are in the case file to Potts without adequate compensation.
 
 See Thompson [v. Unterberger],
 
 577 So.2d [684] at 686 [(Fla. 2d DCA 1991)];
 
 see also Sanford v. Black,
 
 782 So.2d 548, 549 n. 2 (Fla. 5th DCA 2001) (noting that the client must compensate his specially-appointed public defender for a copy of a lab report that was the attorney’s work product).
 

 Potts,
 
 869 So.2d at 1225.
 

 Although Mr. Raymond may not have the financial wherewithal to purchase copies of the documents in the possession of his former attorney, there is no way for him to obtain these records unless the court-appointed attorney responds to the correspondence, informing him of the documents available and the cost of reproducing them. In this context, when the defendant files a petition for mandamus, the trial court should order a response from the attorney to determine what, if anything, must be provided to the defendant and likewise to determine what is available if the defendant wishes to purchase a copy.
 

 Accordingly, we reverse and remand for further proceedings.
 

 VILLANTI and WALLACE, JJ., Concur.
 

 [1]
 

 . Although this proceeding is technically a direct appeal, we have used the procedures applicable for review of orders summarily denying postconviction motions because these procedures provide more timely and efficient review of this type of mandamus proceeding.