PER CURIAM.
Carlos Z. Rojas filed a petition for writ of mandamus seeking to compel his former counsel, the Office of the Public Defender, to provide him with “[a]ll pre-trial discovery materials including photos, ... [mjedical [r]eport[s], [e]valuation[s], etc. on Defendant [and] copies of recorded, written, or typed statements made by Defendant, i.e., confessions.”
In response to the petition, Assistant Public Defender John H. Tedder indicated that he could offer no reason why Rojas’ petition for writ of mandamus should not be granted.
Under the controlling law, Rojas is entitled to the originals, or copies thereof, of depositions and transcripts and any other materials in his former attorney’s possession that were prepared at public expense. See LaFlower v. State, 929 So.2d 58, 58 (Fla. 5th DCA 2006) (citing Potts v. State, 869 So.2d 1223 (Fla. 2d DCA 2004); Ramos v. State, 757 So.2d 616 (Fla. 3d DCA 2000); Colon v. Irwin, 732 So.2d 428 (Fla. 5th DCA 1999)); see also Smith v. State, 889 So.2d 1009, 1010 (Fla. 3d DCA 2004) (“The petitioner is entitled to receive from his former counsel, at no cost to petitioner, any and all trial and hearing transcripts, copies of motions, and any state discovery presented to defense counsel.”). Accordingly, we grant the petition and direct the Office of the Public Defender to provide Rojas with all pretrial discovery materials related to lower court case number 10- *775 CF-00122B-A-Y (including photos,[1] and any recorded, written, or typed statements made by Rojas, i.e., confessions) that are in its possession.
PETITION GRANTED.
ORFINGER, C.J., SAWAYA and LAWSON, JJ., concur.

. Although, Mr. Tedder expressed concerns about the graphic nature of the photographs that Rojas seeks, it is for the Department of Corrections to determine whether Rojas should be restricted from receiving the photographs. See Morse v. State, 50 So.3d 750 (Fla. 2d DCA 2010).