NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH DeGREGORIO, )
)
      Appellant, )
)
v. )    Case No. 2D14-4886
)
STATE OF FLORIDA, )
)
      Appellee. )
_____ )

Opinion filed November 23, 2016.

Appeal from the Circuit Court for Sarasota
County; Thomas W. Krug, Judge.

Joseph DeGregorio, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

      Joseph DeGregorio appeals the denial of his petition for writ of mandamus

seeking to compel his appellate attorney to send him the appellate record from his direct

appeal from his criminal judgment and sentence in circuit court case number 07-CF-

3907. Because the circuit court denied the petition without resolving the factual issues

created by the pleadings, we reverse.

DeGregorio initially filed a motion in the circuit court seeking an order compelling his appellate counsel to return the twenty-four volume appellate record to him following the conclusion of his direct appeal. See DeGregorio v. State, 95 So. 3d 224 (Fla. 2d DCA 2012) (table decision). In the instant appeal, he challenges the circuit court's decision to treat his motion as a petition for writ of mandamus. Mandamus is the appropriate vehicle for his claim because DeGregorio is attempting to compel his court-appointed attorney to perform a lawful duty. See Potts v. State, 869 So. 2d 1223, 1225 (Fla. 2d DCA 2004) ("Mandamus is the appropriate remedy since it is used to compel an official to perform lawful duties. A court-appointed lawyer is an 'official.' " (quoting Pearce v. Sheffey, 647 So. 2d 333, 333 (Fla. 2d DCA 1994))).

Appellate counsel filed an unsworn response to DeGregorio's petition indicating that he had been delayed in forwarding the record to DeGregorio because he "received the documents somewhat piecemeal" and had moved his office and "the movers scattered some of them about." However, he reported that he was sending the "extensive" records by U.S. Mail the same day. Soon thereafter, DeGregorio filed a reply alleging that volume four and the digital copy of the scanned records were missing from the records he received from counsel. The circuit court denied DeGregorio's petition, finding that counsel had sent DeGregorio all of the records in his possession. On appeal, DeGregorio contends that the circuit court should have held an evidentiary hearing to resolve the issue of whether the attorney had turned over all of the records in his possession and that it was error to rely solely on the attorney's representations in his unsworn response. We agree.

"To be entitled to a writ of mandamus, a party must allege a violation of a clear legal right and the breach of an indisputable legal duty." Clay Cty. Educ. Ass'n v.

Clay Cty. Sch. Bd., 144 So. 3d 708, 709 (Fla. 1st DCA 2014) (citing Polley v. Gardner, 98 So. 3d 648, 649 (Fla. 1st DCA 2012)). A court-appointed attorney has a legal duty to return a client's personal property and transcripts prepared on his behalf at public expense. Raymond v. State, 31 So. 3d 946, 947-48 (Fla. 2d DCA 2010) (citing Potts, 869 So. 2d at 1225). The defendant does not have to specifically identify these documents in his petition. Id. at 947. When the petition and response create an issue as to whether counsel possessed the records, the circuit court cannot deny the petition without resolving the dispute based on evidence submitted by the parties. See Radford v. Brock, 914 So. 2d 1066, 1068 (Fla. 2d DCA 2005) (explaining that "[i]f the petition and answer to the alternative writ raise disputed factual issues, the circuit court must resolve these issues upon evidence submitted by the parties" and reversing where the parties disputed whether the respondents actually possessed the requested records); Williams v. State, 163 So. 3d 618, 620 (Fla. 4th DCA 2015) (reversing denial of mandamus petition when the response to the alternative writ did not resolve the factual issues alleged in the petition); Perez v. State, 980 So. 2d 1205, 1206 (Fla. 3d DCA 2008) ("If the petition and response raise disputed factual issues, the trial court should resolve them upon proper evidence, which may include undisputed affidavits." (citing Radford, 914 So. 2d at 1067)); Johanson v. State, 872 So. 2d 387, 388 (Fla. 4th DCA 2004) (reversing the denial of a petition for writ of mandamus and remanding to the circuit court for an evidentiary hearing where the parties disputed whether the requested records were in the State's possession).

In this case, although counsel responded that he would send the complete records, DeGregorio's reply alleging that the records he received were incomplete created an issue of fact that could not be resolved on the unsworn pleadings of the

parties. Furthermore, counsel's response indicated that the record had been delivered "piecemeal" and then was "scattered . . . about" while in counsel's possession, which tends to support DeGregorio's contention that the entire record may not have been sent.

Because an issue of fact remained as to whether counsel still had portions of the requested record in his possession, the circuit court erred in denying the petition. Accordingly, we reverse the denial of the petition and remand for further proceedings.

Reversed and remanded with instructions.


MORRIS, BLACK, and SLEET, JJ., Concur.