NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAMES LEE ANTHONY, JR.,                          )
                                                 )
        Appellant,                      )
                                                 )
v.                                               )    Case No. 2D18-1987
                                                 )
STATE OF FLORIDA,                                )
                                                 )
        Appellee.                       )
_____)

Opinion filed July 19, 2019.

Appeal from the Circuit Court for
Pinellas County; Anthony Rondolino, Judge.

James Lee Anthony, Jr., pro se.

Ashley Moody, Attorney General,
Tallahassee, and Jeffrey H. Siegal,
Assistant Attorney General, Tampa, for
Appellee.

SMITH, Judge.

      James Lee Anthony, Jr., seeks review of the circuit court's order

dismissing his petition for writ of mandamus. Mr. Anthony petitioned the circuit court to

compel Bob Dillinger, the Public Defender for the Sixth Judicial Circuit, to provide him

with a copy of a report from the Department of Justice (DOJ) for the purpose of

including this report in his motion for postconviction relief as newly discovered evidence

under Florida Rule of Criminal Procedure 3.850. The circuit court dismissed the petition finding it facially insufficient where Mr. Anthony failed to acknowledge the obligation to pay for copying costs. Because Mr. Anthony stated a facially sufficient petition for writ of mandamus, which established a prima facie case of entitlement to receive a copy of the DOJ report, we reverse and remand for further proceedings.

Mr. Anthony was formerly represented by an assistant public defender when he entered into a plea agreement on kidnapping charges. In April of 2015, after his plea, he received a letter from the Public Defender informing him of a report received from the DOJ regarding "improper testimony involving hair samples," related to his case. The Public Defender's letter stated he had reviewed Mr. Anthony's case and determined it was highly unlikely the improper testimony would have impacted the outcome of Mr. Anthony's case. Upon receiving the letter, Mr. Anthony made several requests for a copy of the DOJ report from the Public Defender, but to no avail. Thereafter, Mr. Anthony filed the instant petition for writ of mandamus requesting the circuit court compel the Public Defender to provide him with a copy of the DOJ report so that Mr. Anthony may use the letter as support for his motion for postconviction relief based upon newly discovered evidence.[1] The circuit court dismissed Mr. Anthony's petition as facially insufficient because the petition did not include an acknowledgment

---

[1]Prior to filing the instant petition for writ of mandamus, Mr. Anthony filed several motions for postconviction relief under Florida Rule of Criminal Procedure 3.850 relying on the DOJ report as newly discovered evidence. These motions were ultimately dismissed because without the DOJ report the postconviction court could not determine whether the report constituted newly discovered evidence entitling Mr. Anthony to postconviction relief.

by Mr. Anthony of his obligation to pay the copying costs associated with the DOJ report.

The circuit court's dismissal of Mr. Anthony's petition as facially insufficient is subject to de novo review. Asay v. State, 210 So. 3d 1, 22 (Fla. 2016) (noting a trial court's ruling on a pure question of law is subject to de novo review); see also Walker v. Ellis, 989 So. 2d 1250, 1251 (Fla. 1st DCA 2008) (order granting motion to dismiss a mandamus petition is reviewed de novo) (citing Mazer v. Orange County, 811 So. 2d 857, 858 (Fla. 5th DCA 2002)); cf. Brown v. State, 93 So. 3d 1194, 1195 (Fla. 4th DCA 2012) (trial court's decision in denying petition for writ of mandamus is reviewed under the abuse of discretion standard of review) (citing Ilkhani v. Lamberti, 50 So. 3d 1180, 1181 (Fla. 4th DCA 2010)). Mandamus is an appropriate vehicle for compelling an official to perform lawful duties. Pearce v. Sheffey, 647 So. 2d 333, 333 (Fla. 2d DCA 1994). A public defender being a court appointed lawyer satisfies the requirement of an "official." Id. A petitioner seeking a writ of mandamus is entitled to relief upon demonstrating "a clear legal right to the performance by the respondent of the particular duty in question." Fasenmyer v. Wainwright, 230 So. 2d 129, 130 (Fla. 1969). To be facially sufficient, a petition for writ of mandamus must also show the petitioner has no adequate remedy at law. Davis v. State, 861 So. 2d 1214, 1216 (Fla. 2d DCA 2003). Before seeking a writ of mandamus to compel a public defender to produce records, a defendant must first request the records and be denied. Zito v. State, 990 So. 2d 1257, 1257 (Fla. 2d DCA 2008).

A defendant, when represented by a public defender, is entitled to free copies of his or her own records or property, including copies of all trial and hearing

- 3 -

transcripts, motions, State discovery presented to defense counsel, and any other documents that were otherwise prepared at public expense. Smith v. State, 889 So. 2d 1009, 1010 (Fla. 3d DCA 2004) (citing Potts v. State, 869 So. 2d 1223, 1224-25 (Fla. 2d DCA 2004)). On the other hand, a defendant is not entitled to free copies of documents in the possession of the public defender if the documents were not obtained at public expense. In such case, the defendant must arrange to reimburse his former attorney for the cost of these documents. Brown, 93 So. 3d at 1196 n.1 (citing Raymond v. State, 31 So. 3d 946, 947 (Fla. 2d DCA 2010)). The circuit court dismissed Mr. Anthony's petition as facially insufficient because it did not include an affirmative acknowledgment by Mr. Anthony of his obligation to pay for copying costs. In support of the dismissal, the circuit court relied on Farmer v. State, 927 So. 2d 1075, 1076 (Fla. 2d DCA 2006). However, Farmer is factually distinguishable from this case where the defendant in Farmer made a public records request to the State Attorney's Office under chapter 119, Florida Statutes (2004). Id. Here, Mr. Anthony seeks a copy of the DOJ report provided to his court-appointed counsel. Moreover, Farmer does not stand for the proposition that a defendant must acknowledge an obligation to pay for copying costs before the petition can be deemed facially sufficient. The court in Farmer merely noted the defendant had acknowledged his obligation to make payment for the copying costs, which is a requirement under chapter 119. See § 119.07(4); Farmer, 927 So. 2d at 1076.

A review of Florida law governing petitions for writs of mandamus reveals no requirement that the petitioner affirmatively acknowledge an obligation to pay for copying costs in order to state a valid claim for mandamus relief. In fact, our court has

- 4 -

held otherwise. See Roland v. State, 120 So. 3d 103, 104 (Fla. 2d DCA 2013) (holding the circuit court erred in dismissing a petition for writ of mandamus as facially insufficient for failing to acknowledge the legal obligation to pay for costs associated with providing the documents); Smith v. State, 696 So. 2d 814, 816 (Fla. 2d DCA 1997) (rejecting the public defender's argument that the defendant was not entitled to free copies of the requested records; finding the defendant did not seek free copies of the records in his petition, which did not specifically address whether he would pay for copies and holding the petition stated a prima facie case for mandamus relief).

Whether Mr. Anthony is obligated to pay for the DOJ report or whether he is entitled to it free of charge cannot be discerned from the Public Defender's letter, and so we do not address this issue as it involves a question of fact to be determined by the circuit court after the Public Defender responds to the alternative writ. See Radford v. Brock, 914 So. 2d 1066, 1068 (Fla. 2d DCA 2005) (noting the circuit court must resolve disputed factual issues raised in the petition and response to the alternative writ based upon the evidence submitted by the parties).

Here, Mr. Anthony stated a facially sufficient petition for writ of mandamus, which established a prima facie case of entitlement to receive a copy of the DOJ report. Accordingly, we reverse the circuit court's order dismissing the petition for writ of mandamus. On remand, the circuit court shall issue an alternative writ in mandamus directing the Public Defender to respond to the petition. In the event the circuit court determines that Mr. Anthony is entitled to the DOJ report, the circuit court, in granting the petition, shall also determine whether Mr. Anthony is entitled to a free copy of the

DOJ report or whether the writ shall be conditioned upon payment of the copying costs.

See Bostic v. State, 875 So. 2d 785, 786 (Fla. 2d DCA 2004).

Reversed and remanded with instructions.

CASANUEVA and MORRIS, JJ., Concur.