DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
————————————————

MERLIN D. HOWARD,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D23-1026
————————————————

January 19, 2024

Appeal pursuant to Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Pasco County; Gregory G. Groger, Judge.

Merlin D. Howard, pro se.


PER CURIAM.

Merlin Howard appeals from the order dismissing his "motion for postconviction relief to enforce provisions of Florida's Public Records Act, ch. 119.07, Fla. Stat." We reverse and remand for further proceedings.

Mr. Howard mailed an amended public records request to the Office of the State Attorney requesting, and stating that he would pay for, "a complete copy of the prosecutor's file under circuit court case no.: 2000-CF002307CF AXES." He asked that if the office had lost or destroyed documents in the file, it "provide a written explanation and the statutory citation for its conclusion in accordance with Florida's Retention Schedule." An assistant state attorney responded that the office had "no

records meeting the description of your request." She noted in the letter that "we do have your codefendant's file, and within that file may be some of the records you are requesting. Please let us know if you would like to amend your request to receive those records."

Mr. Howard replied with a "Specific Performance Demand for Compliance with Florida's Public Records Law." He asked the State Attorney to provide "proof of loss or destruction of the requested file" as well as an itemized list of materials that the office deemed exempt from disclosure. The State Attorney replied with a letter that states:

> Please be advised that our Office does not answer questions, we only provide records from the file(s), that are available under the Public Records Law. We have no further information we can provide you on the above referenced file. We currently have no records meeting the description of your request.

> However, we remind you once again that we do have your codefendant's file, and within that file may be some of the records you are requesting. You may wish to make a public records request for that file.

The State Attorney mailed a second response asking Mr. Howard to clarify his public records request. Mr. Howard replied that he sought "a complete copy of the prosecutor's file" and requested an invoice for the documents in the file. The State Attorney again informed him, "[W]e have no records meeting the description of your request."

Mr. Howard then filed the motion at issue in this appeal. He provided case number 2000-CF-2307 in the caption, recounted his public records requests and the State Attorney's responses, and asked the circuit court to hold a hearing to determine if the State Attorney had withheld public records and, if so, issue an order requiring compliance with section 119.07, Florida Statutes (2022). He suggested that the court could construe the motion as a petition for writ of mandamus. Mr.

2

Howard attached to his sworn motion copies of the correspondence and a verdict filed in circuit court case number 2000-CF-2307 that reflects a jury found him not guilty of armed robbery.

The circuit court did not address Mr. Howard's request. It ruled that because "there was no finding of guilt and the Defendant was not convicted in the above-styled case," it "no longer has jurisdiction in this matter." It advised Mr. Howard that he "must pursue remedies that may be available under Chapter 119, Florida Statutes."

The circuit court erred by ruling that it lacked jurisdiction to consider Mr. Howard's motion to enforce his rights under chapter 119 and by directing him to "pursue remedies that may be available under Chapter 119." Clearly, that was what Mr. Howard was trying to do; he specifically asked the court "to conduct an evidentiary hearing and that an order be entered compelling [the State Attorney] to perform her ministerial duty in producing the prosecutor's file which is Mr. Howard's undisputable right mandate by Section 119, Fla. Stat."

The legislative implementation of Mr. Howard's constitutional right to access public records expressly contemplated such action:

> If a public record is not made available for inspection or copying in accordance with the provisions of the Public Records Act, the Legislature has provided for enforcement through a civil action, with an "immediate hearing" that is given priority over other pending court cases. In other words, an accelerated civil action plays a critical role in the enforcement of the Public Records Act, as is reflected in the title of section 119.11—"Accelerated hearing; immediate compliance."

*Bd. of Trs., Jacksonville Police & Fire Pension Fund v. Lee*, 189 So. 3d 120, 124 (Fla. 2016) (citation omitted) (quoting § 119.11(1), Fla. Stat. (2009)); *see also* art. I, § 24(a), Fla. Const. ("Every person has the right to inspect or copy any public record made or received in connection with

3

the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution."); § 119.11(1) ("Whenever an action is filed to enforce the provisions of this chapter, the court shall set an immediate hearing, giving the case priority over other pending cases.").  And, as this court has held, "[m]andamus is the appropriate remedy" to compel a public official to provide access to public records.  *Potts v. State*, 869 So. 2d 1223, 1225 (Fla. 2d DCA 2004) (quoting *Pearce v. Sheffey*, 647 So. 2d 333, 333 (Fla. 2d DCA 1994)).  While the motion may not have been appropriately filed in Mr. Howard's criminal case, the circuit court has jurisdiction and the authority to grant mandamus relief.  *See* art. V, § 5(b), Fla. Const. ("The circuit courts shall have original jurisdiction not vested in the county courts . . . .  They shall have the power to issue writs of mandamus, quo warranto, certiorari, prohibition and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction."); § 34.01, Fla. Stat. (2022) (setting forth the jurisdiction of Florida's county courts).  Accordingly, we reverse the circuit court's order and remand for further proceedings.

Reversed and remanded.

KELLY, ROTHSTEIN-YOUAKIM, and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

4