PER CURIAM.
This is an appeal from an order dismissing appellant’s Petition for Writ of Habeas Corpus[1] for failure to state a cause of action. We affirm.
Petitioner, in his pro se Petition for Writ of Habeas Corpus, seeks credit for time served on parole and MCR [mandatory conditional release]. Section 947.21, Florida Statutes, does not mandate that an inmate be given credit for time spent on parole; it merely authorizes the Commission, at its discretion, to grant credit for same. Coleman v. Wainwright, 323 So.2d 581 (Fla.1975). Furthermore, it is clear that a writ cannot be used to compel a public agency clothed with discretion to exercise that discretion in a given manner. Graham v. Vann, 394 So.2d 180 (Fla. 1st DCA 1981); Evans v. St. Regis Paper Company, 287 So.2d 296 (Fla.1973); and Hunter v. Solomon, 75 So.2d 803 (Fla.1954).
Petitioner s third claim for relief, credit for time spent serving an MCR violation, is without merit. Petitioner’s naked, unsupported allegations have not demonstrated an entitlement to relief and are insufficient to support a writ of habeas corpus. McNamara v. Cook, 336 So.2d 677 (Fla. 4th DCA 1976).
We therefore find that the petitioner-appellant has not been unlawfully denied credit, nor has the Florida Parole and Probation Commission abused its discretion. Accordingly, the trial court properly dismissed the petition for failure to state grounds for relief.
AFFIRMED.
SMITH, SHIVERS and WIGGINTON, JJ., concur.

.' Since appellant has failed to show that he is entitled to immediate release, habeas corpus is not an available remedy and his petition is properly treated as a writ of mandamus. Kirsch v. Greadington, 425 So.2d 153 (Fla. 1st DCA 1983).