526 So.2d 747 (1988)
STATE of Florida, Appellant,
v.
Terence E. PETERS, Appellee.
No. 87-725.
District Court of Appeal of Florida, First District.
June 1, 1988.
Robert A. Butterworth, Atty. Gen., Royall Terry, Asst. Atty. Gen., Tallahassee, for appellant.
*748 Edward W. Dawkins, Jacksonville, for appellee.
SMITH, Chief Judge.
Appellant, the State of Florida, seeks review of the trial court's modification of the appellee's sentence, contending that the trial court was without authority to award the appellee jail time credit for probationary time spent at liberty. We agree and reverse.
The appellee was adjudicated guilty of armed robbery and was given a split sentence of five years probation with twenty-five hours of community service and thirty days in county jail to be served on weekends. The state appealed the appellee's sentence, and this court vacated the sentence, finding that it was an improper departure from the sentencing guidelines. State v. Peters, 500 So.2d 704 (Fla. 1st DCA 1987).
Upon remand, the appellee received a minimum guidelines sentence of three and one-half years in the state prison, with credit for forty-four days previously served in the county jail. Thereafter, the appellee filed a Motion for Post Conviction Relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, seeking credit for time served during the pendency of the state's appeal. Though the appellee was at liberty during this time, he was required to perform certain probationary conditions. Appellee satisfied these conditions without incident. The trial court granted the appellee's motion thereby reducing the guidelines sentence by 470 days.
Section 921.161(1), Florida Statutes (1987), provides that credit shall be given for all time spent in a county jail before sentencing. In construing this section, the Supreme Court has held credit should be given for confinement outside a county jail only when that confinement constitutes "a coercive deprivation of liberty and implicate[s] significant constitutional rights," Tal-Mason v. State, 515 So.2d 738, 740 (Fla. 1987).
In Tal-Mason, the Court considered whether time spent in a state hospital after a finding of mental incompetence entitled the defendant to credit under section 921.161(1). In departing from its previous holding that only time served in the county jail was entitled to credit against a sentence, the Court found that the denial of credit for this kind of coercive detention was so inconsistent with the practice of awarding credit for time served in a hospital because of physical injuries as to amount to a violation of equal protection and a denial of due process. Id. at 740.
The time for which the appellee sought credit did not constitute the type of "coercive detention" the Supreme Court found entitled to credit under section 921.161(1) in Tal-Mason. As the Supreme Court stated: "[p]robationary conditions are more in the nature of a contract between the probationer and the state. The defendant clearly has a choice to reject those conditions, albeit at the risk of continued detention in jail or prison." Id. at 739. While it is true that during the pendency of the state's appeal, the appellee was required to serve certain hours of community service, it cannot be said that such conditions had the effect of rendering probationary time spent at liberty the equivalent of forced detention in a state hospital or in a county jail.
Bronson v. Florida Parole and Probation Commission, 474 So.2d 409 (Fla. 1st DCA 1985), cited by appellant, is distinguishable. The award of credit for time served while on probation is not a matter of discretion as is the award of credit for time served during parole. Were it possible to reward the appellee for his commendable behavior while on probation, this court would uphold the trial court's decision to do so. However, the strictures of section 921.161 do not permit credit to be given for probationary time not spent in coercive detention regardless of the probationer's conduct. Accordingly, the appellee's sentence is VACATED and the cause is REMANDED for resentencing.
JOANOS and ZEHMER, JJ., concur.