855 So.2d 216 (2003)
Felix CORDOVA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2208.
District Court of Appeal of Florida, Third District.
September 24, 2003.
Charles J. Crist, Jr., Attorney General, for appellee.
*217 Felix Cordova, in proper person.
Before COPE and LEVY, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Felix Cordova appeals an order denying his motion for additional credit for time served. Based on the information presented in the motion, we find no error in the calculation of the credit for jail time served prior to sentencing. Defendant-appellant Cordova is entitled to credit only for the time incarcerated prior to sentencing, not (as he incorrectly argues) credit for time free on bond prior to sentencing. See § 921.161(1), Fla. Stat. (2001).
Regarding the question of credit for time served subsequent to sentencing, we affirm the order without prejudice to the defendant to exhaust his administrative remedies within the Department of Corrections. See Grant v. State, 837 So.2d 1075 (Fla. 4th DCA 2003); Lucio v. State, 673 So.2d 195 (Fla. 3d DCA 1996).
To the extent that defendant may be claiming to have exhausted his administrative remedies, we affirm without prejudice to defendant filing a petition for mandamus and attaching thereto documentation from the Department of Corrections reflecting the postsentencing credit awarded and the Department's ruling on his inmate grievance. Lucio.
The defendant argues that he is entitled to credit for the entire time period between sentencing and his delivery to the Department of Corrections, including time he was free on postjudgment release. He derives that interpretation from the wording *218 of subsection 921.161(2), Florida Statutes (2001), which requires the jailer to certify several postjudgment time periods, including any periods after sentence that the prisoner was at liberty on bond. Id. § 921.161(2)(b); see State v. Peters, 526 So.2d 747 (Fla. 1st DCA 1988).[*]
In reality, "time spent" under subsection 921.161(2) refers back to a similar phrase used in subsection 921.161(1) and means time spent in custody. See id. § 921.161(1) ("time she or he spent in the county jail"). The jailer is required to certify the dates that the defendant was at liberty on bond or otherwise, id. § 921.161(2)(b), (c), so that these periods can be subtracted from the total time period between sentencing and delivery to the Department of Corrections. The defendant is only entitled to credit for the time incarcerated between sentencing and delivery to the Department of Corrections.
Affirmed.
NOTES
[*] Subsection 921.161(2), Florida Statutes, states:

(2) In addition to other credits, a person sentenced to imprisonment in custody of the Department of Corrections shall receive credit on her or his sentence for all time spent between sentencing and being placed in custody of the department. When delivering a prisoner to the department, the custodian of the local jail shall certify to it in writing:
(a) The date the sentence was imposed and the date the prisoner was delivered to the department.
(b) The dates of any periods after sentence the prisoner was at liberty on bond.
(c) The dates and reasons for any other times the prisoner was at liberty after sentence.
(d) The offender-based transaction system number or numbers from the uniform arrest report or reports established pursuant to s. 943.05(2).
The certificate shall be prima facie evidence of the facts certified.