PER CURIAM.
 

 Appellant, Elias Rosado, filed a
 
 pro se
 
 petition for writ of mandamus. In the petition, he requested the trial court order his appointed trial counsel to submit to him copies of documentation from his previous litigation for the purpose of preparing a petition for post-conviction relief. The petition was denied by the trial court. Rosado claims the trial court abused its discretion. We agree, as Rosado’s court-appointed counsel was obligated to submit to him, free of charge, documentation from his case file prepared at the public’s expense.
 

 An appellate court reviews a trial court’s decision on a petition for writ of mandamus under the abuse of discretion standard of review.
 
 See Topps v. State,
 
 865 So.2d 1253, 1257 (Fla.2004) (“Since the nature of an extraordinary writ is not of absolute right, the granting of such writ lies within the discretion of the court.”).
 
 [1]
 
 Although “[Qiles prepared and maintained by an attorney for the purpose of representing a client are the attorney’s personal property .... transcripts [or record documents] that were prepared at public expense on behalf of an indigent defendant must be provided to the defendant without charge for copying.”
 
 Potts v. State,
 
 869 So.2d 1223, 1225 (Fla. 2d DCA 2004) (citation omitted).
 

 Accordingly, we “reverse the trial court’s order denying the petition for writ of mandamus. On remand, the trial court shall grant the petition to the extent that the petition requests ... transcripts or other record documents obtained on [Rosa-do’s] behalf at public expense.”
 
 Id.
 
 The trial court, however, “shall deny the petition to the extent that it requests free copies of other documents contained in” the court-appointed attorney’s file not obtained via the public’s expense.
 
 Id.
 

 Reversed and, Remanded.
 

 GROSS, C.J., POLEN and HAZOURI, JJ., concur.
 

 [1]
 

 . Because mandamus relief is " 'used to compel an official to perform lawful duties,' " it is the appropriate means to seek copies of legal documentation from court-appointed counsel, as a " 'court-appointed lawyer is an "official” ’ ” for purposes of mandamus relief.
 
 Potts v. State,
 
 869 So.2d 1223, 1225 (Fla. 2d DCA 2004) (quoting
 
 Pearce v. Sheffey,
 
 647 So.2d 333, 333 (Fla. 2d DCA 1994)).