EVANDER, J.
 

 Poole appeals from an order dismissing his second amended complaint against the City of Port Orange (the “City”) and MHK of Volusia County, Inc. (“MHK”) with prejudice. We affirm the trial court’s dismissal of Counts I, III, and IV without discussion, but find that Count II adequately alleged a cause of action against the City for failure to produce public records.
 

 The standard of review for the dismissal of a complaint with prejudice is
 
 de novo. Fox v. Prof'l Wrecker Operators of Fla., Inc.,
 
 801 So.2d 175, 178 (Fla. 5th DCA 2001). In determining whether a complaint properly states a cause of action upon which relief can be granted, a court must confine its review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept as true all well-pled allegations.
 
 Id.
 

 In Count II of his second amended complaint, Poole alleged that some time
 
 prior
 
 to March 22, 2007, the City commenced negotiations to purchase a 440-acre parcel of land from MHK. These negotiations culminated in a purchase agreement which was approved by the Port Orange City Commission in early or mid-December 2007. In conjunction with the negotiations, the City obtained two appraisals regarding the subject parcel. On November 6, 2007 and December 5, 2007, Poole requested that the City’s records’ custodian produce copies of these appraisals. Count IPs prayer for relief requested that the trial court enter an order requiring the City to produce the two appraisals for inspection and copying.
 

 The trial court’s dismissal of Count II appears to be based on a belief that the count failed to adequately state a claim for mandamus. Although not a model of clarity, we conclude that Poole’s second amended complaint adequately alleged the elements of a mandamus claim.
 

 
 *741
 
 Mandamus is a common law remedy used to enforce an established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law.
 
 Puckett v. Gentry,
 
 577 So.2d 965, 967 (Fla. 5th DCA 1991). To state a cause of action for mandamus, a party must allege a clear legal right to performance of the act requested, an indisputable legal duty, and the lack of an adequate remedy at law.
 
 Radford v. Brock,
 
 914 So.2d 1066, 1067 (Fla. 2d DCA 2005). Mandamus is an appropriate remedy to compel a city’s timely production of public records.
 
 Town of Manalapan v. Rechler,
 
 674 So.2d 789, 790 (Fla. 4th DCA 1996).
 

 Here, Poole’s second amended complaint adequately alleged each of these elements. As to the indisputable legal duty, Poole alleged that the appraisals were public records that were required, pursuant to section 119.07, Florida Statutes (2007),
 
 [1]
 
 and section 166.045, Florida Statutes (2007),
 
 [2]
 
 to be produced to a member of the public upon request.
 
 Town of Manalapan,
 
 674 So.2d at 790 (production of requested public records is ministerial duty as it is a duty imposed by Chapter 119). Poole adequately alleged a clear legal right to performance given his allegations that the City refused to produce these documents, although twice requested by Poole to do so. Finally, Poole specifically alleged that he had no other legal remedy which would be effective to obtain the requested appraisals.
 
 [3]
 
 Accordingly, we find that the trial court erred in dismissing Count II of Poole’s second amended complaint.
 

 AFFIRMED, in part; REVERSED, in part; REMANDED.
 

 MONACO, C.J. and GRIFFIN, J„ concur.
 

 [1]
 

 . Section 119.07, Florida Statutes (2007), provides:
 

 Inspection and copying of records; photographing public records; fees; exemptions. (l)(a) Every person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records.
 

 Section 119.011(11), Florida Statutes (2007), defines "Public records” as "all documents, papers ... or other material ... made or received pursuant to law or ordinance or in connection with the transaction or official business by any agency."
 

 [2]
 

 . Section 166.045, Florida Statutes (2007), provides:
 

 Proposed purchase of real property by municipality; confidentiality of records; procedure.
 

 (l)(a) In any case in which a municipality, pursuant to the provisions of this section, seeks to acquire by purchase any real property for a municipal purpose, every appraisal, offer, or counterclaim must be in writing. Such appraisals, offers, and counterclaims and counteroffers are not available for public disclosure or inspection and are exempt from the provisions of section 119.07(1) until an option contract is executed or, if no option contract is executed, until 30 days before a contract or agreement for purchase is considered for approval by the governing body of the municipality ... The municipality shall maintain complete and accurate records of every such appraisal, offer, and counteroffer....
 

 [3]
 

 .Even if Poole had failed to allege a clear legal duty on the part of the City to produce the appraisals, Count II would still state a cause of action albeit not for mandamus.
 
 See, e.g., Shea v. Cochran,
 
 680 So.2d 628 (Fla. 4th DCA 1996) (where mandamus was inappropriate remedy because sheriff provided specific reason for refusing to comply with appellant's records request, appellant had adequate legal remedy for expeditiously obtaining relief pursuant to Florida’s Public Records Act).