POLEN, J.
 

 Appellant, Michael Ilkhani, appeals the trial court’s order denying his petition for writ of mandamus in which he sought an order requiring the Broward Sheriffs Office (BSO) to prepare a Sheriffs Certificate pursuant to section 921.161, Florida Statutes, following his release from and subsequent return to the custody of the Department of Corrections.
 

 Ilkhani was sentenced to seven years imprisonment in case number 00-5955 on August 3, 2001 and was delivered to the Department of Corrections on November 13, 2001. The BSO prepared a Sheriffs Certificate pursuant to section 921.161, Florida Statutes, indicating that Ilkhani had originally been incarcerated in the county jail on March 29, 2000 and was convicted on August 3, 2001. On February 5, 2002, Ilkhani was returned to the BSO and was subsequently released on superse-deas bond on March 15, 2002. On February 25, 2004, the trial court issued a no bond capias in case number 00-5955 for Ilkhani’s failure to appear at a hearing. On May 5, 2006, Ilkhani was arrested in New York on the capias and was held in a New York detention facility until he was returned to the BSO on August 31, 2006. On October 19, 2006, Ilkhani was returned to the Department of Corrections.
 

 Based on the foregoing, Ilkhani filed a petition for writ of mandamus with the
 
 *1181
 
 trial court arguing that A1 Lamberti (Bro-ward County Sheriff) and the BSO were required to certify the dates Ilkhani was at liberty on bond between March 15, 2002 and his arrest in New York on May 5, 2006. The trial court denied relief finding that Ilkhani had failed to establish that Lamberti and the BSO had a duty “to perform the ministerial act or mandatory duty demanded, his ... own clear legal right to demand the action, and a want of any other adequate remedy.”
 

 “An appellate court reviews a trial court’s decision on a petition for writ of mandamus under the abuse of discretion standard of review.”
 
 Rosado v. State,
 
 1 So.3d 1147, 1148 (Fla. 4th DCA 2009). Section 921.161(2), Florida Statutes, provides in pertinent part:
 

 (2) In addition to other credits, a person sentenced to imprisonment in custody of the Department of Corrections shall receive credit on her or his sentence for all time spent between sentencing and being placed in custody of the department.
 
 When delivering a prisoner to the department, the custodian of the local jail shall certify to it in writing:
 

 (a) The date the sentence was imposed and the date the prisoner was delivered to the department.
 

 (b) The dates of any periods after sentence the prisoner was at liberty on bond.
 

 (c) The dates and reasons for any other times the prisoner was at liberty after sentence.
 

 § 921.161(2)(a-c), Fla. Stat. (2009) (emphasis added). In
 
 Cordova v. State,
 
 855 So.2d 216 (Fla. 3d DCA 2003), the court explained:
 

 In reality, “time spent” under subsection 921.161(2) refers back to a similar phrase used in subsection 921.161(1) and means time spent in custody.
 
 See id.
 
 § 921.161(1) (“time she or he spent in the county jail”). The jailer is required to certify the dates that the defendant was at liberty on bond or otherwise,
 
 id.
 
 § 921.161(2)(b), (c), so that these periods can be subtracted from the total time period between sentencing and delivery to the Department of Corrections. The defendant is only entitled to credit for the time incarcerated between sentencing and delivery to the Department of Corrections.
 

 Id.
 
 at 218 (emphasis in original).
 

 Section 921.161 states in part: “When delivering a prisoner to the department, the custodian of the local jail shall certify to it in writing ... [t]he dates of any periods after sentence the prisoner was at liberty on bond.” § 921.161(2)(b), Fla. Stat. (2009). The statute does not limit its requirement to the initial delivery of an inmate to the department. Instead, it anticipates a situation like the present case in which an inmate is at liberty on bond after sentencing, and thus,
 
 may
 
 be entitled to additional credit if he spent time in the county jail prior to being returned to the department.
 

 Ilkhani is mistaken as to the amount of credit he is entitled to under section 921.161. However, at the very least, it appears that the BSO is required to deliver a certificate to the department showing the dates Ilkhani was at liberty on bond after his sentencing and also the dates he was in the custody of the BSO prior to being delivered to the department on October 19, 2006. In fact, the form Sheriffs Certificate provides spaces for these dates. Accordingly, we reverse and remand for proceedings consistent with this opinion.
 

 Reversed and-Remanded.
 

 WARNER and FARMER, JJ., concur.