TAYLOR, J.
Appellant, Dale Brown, appeals the summary denial of his petition for writ of mandamus. We reverse.
Appellant filed a petition for writ of mandamus below, requesting that the trial court order his former public defender and former appointed special public defender to provide him with copies of various documents from his underlying criminal case. The requested documents included, among others, charging documents, police reports, transcripts, sentencing paperwork, and appellant’s attorneys’ files. Appellant alleged that he is incarcerated, that he has been declared indigent, and that he needs the documents to prepare legal motions. The trial court summarily denied the petition, prompting this appeal.
An appellate court applies an abuse of discretion standard of review to a trial court’s decision on a petition for writ of mandamus. Ilkhani v. Lamberti, 50 So.3d 1180,1181 (Fla. 4th DCA 2010).
Mandamus is a remedy used to enforce an established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty *1196 required by law. Poole v. City of Port Orange, 33 So.3d 739, 741 (Fla. 5th DCA 2010). If a petition for writ of mandamus shows a prima facie case for relief, the court shall issue an alternative writ in mandamus to which the defendant in the mandamus proceeding shall respond as provided in Florida Rule of Civil Procedure 1.140. Parish v. State, 59 So.3d 1229, 1230 (Fla. 4th DCA 2011); Fla. R. Civ. P. 1.630(d)(3).
Transcripts or record documents that were prepared at public expense on behalf of an indigent defendant must be provided to the defendant without charge for copying. Rosado v. State, 1 So.3d 1147, 1148 (Fla. 4th DCA 2009). Because a public defender or court-appointed lawyer is an “official,” mandamus is an appropriate remedy to compel such an official to provide a defendant with copies of legal documents prepared at public expense. Pearce v. Sheffey, 647 So.2d 333, 333 (Fla. 2d DCA 1994). By contrast, “[fjiles prepared and maintained by an attorney for the purpose of representing a client are the attorney’s personal property.” Potts v. State, 869 So.2d 1223,1225 (Fla. 2d DCA 2004). Apart from transcripts or record documents prepared on the defendant’s behalf at public expense, the defendant’s attorney cannot be required to provide other documents that are in the case file without adequate compensation. Id.
Here, appellant is incarcerated and was represented in his underlying criminal case by a public defender and an appointed special public defender. His petition for mandamus set forth a prima facie case for relief on the ground that he has a clearly established legal right to compel his trial attorneys to provide him with transcripts and other record documents obtained on his behalf at public expense.
Accordingly, we reverse the trial court’s denial of appellant’s petition for mandamus and remand for the trial court to issue an alternative writ in mandamus. Specifically, the trial court should order a response from appellant’s attorneys “to determine what, if anything, must be provided to [appellant] and likewise to determine what is available if [appellant] wishes to purchase a copy.” Raymond v. State, 31 So.3d 946, 948 (Fla. 2d DCA 2010). Unless appellant’s attorneys show cause as to why relief should not be granted, the trial court shall grant the petition to the extent that the petition requests transcripts or other record documents obtained on appellant’s behalf at public expense. Rosado, 1 So.3d at 1148. The trial court, however, shall deny the petition to the extent that it requests free copies of other documents contained in appellant’s attorneys’ files that were not obtained at the public’s expense,[1] and shall also deny the petition to the extent that it requests documents that are not contained in his attorneys’ files.

Reversed and Remanded.

MAY, C.J., and CIKLIN, J., concur.

. While appellant is not entitled to free copies of documents contained in his attorneys' files which were not obtained at public expense, see id. at 1148, appellant may obtain these materials if he arranges to reimburse his former attorneys for the cost of these documents. Raymond, 31 So.3d at 947. Although he may not have the financial wherewithal to purchase such documents, "there is no way for him to obtain these records unless the court-appointed attorney responds to the correspondence, informing him of the documents available and the cost of reproducing them.” Id. at 948.