SUAREZ, J.
The appellants, former unit owners at Ocean Beach Resort Condominium (“Condo”), seek to reverse the trial court’s order involuntarily dismissing, with prejudice, their claims against Citizens Property Insurance Corporation (“Citizens”) and vacating the order certifying the unit owners as a class, and to remand for a new trial. We review de novo the order dismissing the complaint with prejudice. Poole v. City of Port Orange, 33 So.3d 739, 740 (Fla. 5th DCA 2010). We affirm in part, and reverse in part.
In 2005, Sunny Isles Resort Developers, LLP, (“Sunny Isles”), entered into negotiations with individual unit owners to purchase their respective units at the Condo. While the parties were negotiating these purchases, Hurricane Wilma struck Miami-Dade County and severely damaged the Condo property.[1] The Condominium Association (“Association”) had a windstorm policy with Citizens, and submitted a claim for the hurricane damage. The Association’s policy covered strictly the common elements. Citizens paid part, but not all, of what the Association claimed was due.
In April, 2006, all of the individual condo units were sold to Sunny Isles. Upon closing on all of the units, Sunny Isles took *1182 control of the Association as the new owner. After the sale, the former unit owners filed a class action suit against Citizens alleging that the property was a total loss and demanded that Citizens pay them the full insured amount of the property. The unit owners alleged that, although they were not parties to the insurance contract between Citizens and the Association, Sunny Isles, as the buyer and as the new Association had, as part of the sale, agreed to assign the right to any future Citizens insurance payout to the former unit owners. The trial court’s January 13, 2009, order granted class certification to the unit owners. Sunny Isles moved to intervene and filed a complaint alleging it was not the buyer’s intent to assign a right to future insurance proceeds to the unit owners, or alternatively, that any such assignment was made under duress.
At bench trial on the assignment issue, at the close of the plaintiffs case, the trial court heard argument on the legal issues of whether the Association (pre-sale) could validly assign its right to sue Citizens to the unit owners, and whether the Association (post-sale), with the consent of Sunny Isles, could assign any future insurance proceeds to the unit owners. The trial court granted an involuntary dismissal against the plaintiffs, finding that based on the Declaration of Condominium, the Association had no power to assign the claim of future proceeds to anyone, and that any assignment made was ultra vires. The trial court also vacated the class certification order. The unit owners here appeal from both aspects of that March 11, 2012 order.[2] On cross-appeal, Citizens alleges that the order granting class certification was made in error because the unit owners fail to meet the requirements for a class.
Much litigation remains pending, but the issues before this court are only two. The first issue we address is whether either of two provisions, one found in the Declaration of Condominium.and the other found in the Articles of Incorporation, prohibited Sunny Isles from assigning its potential insurance claim against Citizens to the former unit owners. Second, assuming the condominium documents did not bar an assignment, the question is whether this case meets the standard for class certification under Florida law. We hold that neither of the two provisions at issue in the condominium documents barred the Association from potentially assigning the post-loss insurance claim, and hold that the trial court did not abuse its discretion in certifying the class.
Condominium associations may freely assign post-loss insurance claims under Florida law, and the Ocean Beach Resort Condominium Association’s action is no exception. See Ocean Beach Resort, Inc. v. Rodack, 586 So.2d 363 (Fla. 3d DCA 1991) (recognizing assignment of claims of liens by the Ocean Beach Resort condominium association to the property’s developer). While each condominium is governed by its declaration, the documents creating the association, the association bylaws and the provisions in these documents, pursuant to section 718.303(1), Florida Statutes (2005), neither provision from the condominium documents relied upon by Citizens and Sunny Isles prohibits the assignment alleged in this case. The first clause in question, found in Paragraph 12.12 of the Declaration of Condominium provides:
Association’s Power to Compromise Claim: The Association is hereby irrevocably appointed agent for each Unit *1183 Owner for the purpose of compromising and settling claims arising under insurance policies purchased by the Association and to execute and deliver releases therefor, upon the payment of claims.
This clause speaks only to the inability of a unit owner to revoke his or her grant of agency to the Association to compromise and to settle claims brought under policies purchased by the Association. Such authority is granted irrevocably. But, Paragraph 12.12 does not prohibit or affect the Association’s authority to assign the claim back to the unit owners. The only irrevocable assignment is that of the unit owner to the Association. Consequently, this clause did not bar Sunny Isles from assigning any potential post-loss insurance proceeds to the unit owners.
The second clause at issue is found in Article III, section 2 of the Association’s Articles of Incorporation, which provides:
The share of a member in the funds and assets of the ASSOCIATION cannot be assigned, hypothecated or transferred in any manner except as an appurtenance to his Unit.
A plain reading of this clause restricts a unit owner from assigning his or her interest in the Association’s assets, one of the assets of which is the insurance claim at issue in this case.[3] However, once again, the clause does not restrict the Association from freely assigning its own assets, in this case the insurance claim, to the unit owners as the unit owners allege to have occurred in this case. Because neither clause prohibits the Association from, potentially, assigning the right to bring or maintain a claim to the unit owners, we reverse that portion of the March 11, 2010, order involuntarily dismissing with prejudice the unit owners claims alleged against Citizens in their Amended Complaint.[4]
As to the class action issue, a trial court’s order certifying a class is reviewed under an abuse of discretion standard. United Auto. Ins. Co. v. Diagnostics of South Fla., Inc., 921 So.2d 23, 25 (Fla. 3d DCA 2006). Finding no abuse of discretion in the trial court’s certification of the unit owners as a class, we reverse that part of the March 11, 2010 order vacating the January 13, 2009, order certifying the class, and deny Citizens’ cross-appeal from that order.
Affirmed in part, reversed in part.
SALTER, J. concurs.

. Forty-five (45) unit owners had agreed to sell their units to Sunny Isles prior to Hurricane Wilma, and the remaining twenty-one (21) unit owners agreed to sell their units to Sunny Isles after Hurricane Wilma.

. Sunny Isles joins with Citizens in arguing to affirm that part of the March 11, 2010 order dismissing the unit owners' claims based on a finding of no assignment. Sunny Isles does not join with Citizens on the cross-appeal addressing class certification.

. This is so because an insurance claim is a chose in action, Kohl v. Blue Cross & Blue Shield of Fla., 955 So.2d 1140, 1143 (Fla. 4th DCA 2007) (citing Cadore v. Cadore, 67 So.2d 635 (Fla.1953)), because a chose in action is personal property, Candansk, LLC v. Estate of Hicks ex rel Brownridge, 25 So.3d 580, 583 (Fla. 2d DCA 2009) (citing Sunspan Eng'g & Const. Co. v. Spring-Lock Scaffolding Co., 310 So.2d 4, 8 (Fla. 1975)), and because personal property is an asset. E.g., 18 Fla. Jur. 2d Decedents' Property 593 (providing examples in various contexts under Florida law where personal property is considered an asset, with supporting citations).

. We do not reach the factual question of whether an assignment in fact occurred. That will remain, possibly, for another dáy.