DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**DALE BROWN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-984

[December 3, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 96-23376 CF10A.

Dale Brown, Mayo, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Dale Brown challenges the order dismissing the alternative writ of mandamus issued by the trial court upon remand from this court in Brown's previous appeal. He raises three issues on appeal, only one of which merits discussion. Because the response of the Office of the Public Defender did not assert that it had actually searched for the records requested by Brown and that they were no longer archived, we reverse and remand for an evidentiary hearing.

In 2011, Brown petitioned the circuit court for a writ of mandamus, seeking records from the Office of the Public Defender regarding his 1996 felony case. The circuit court denied the petition without elaboration. On appeal, this court reversed and remanded, finding that Brown's petition "set forth a prima facie case for relief on the ground that he has a clearly established legal right to compel his trial attorneys to provide him with transcripts and other record documents obtained on his behalf at public expense." *Brown v. State*, 93 So. 3d 1194, 1196 (Fla. 4th DCA 2012). We directed the circuit court to issue an alternative writ of

mandamus but to deny the petition to the extent Brown requested free copies of documents that were not contained in his attorneys' files or were not obtained at public expense.

On remand, in response to the circuit court's alternative writ of mandamus, the Office of the Public Defender asserted that it contacted the appellate division that handled the appeal of the 1996 case and that "[a]n assistant in that office advised the undersigned attorney that . . . the records [in the direct appeal] would have been sent certified return receipt to the Defendant approximately two weeks after the mandate issued." According to the attorney's response, the assistant also advised that the receipt "would have been destroyed in the record purge that occurred in 2007 . . . ." The assistant advised that any records stored with the Office of the Public Defender would have been destroyed seven years after the mandate issued. The attorney also stated that she reviewed the case management system and that the "Defendant was notified that the archive file box had previously been destroyed . . . ." Based on this response, the circuit court dismissed the alternative writ of mandamus.

We reverse because the response of the Office of the Public Defender did not refute Brown's allegation that his attorneys possessed the documents. Instead, the response merely informed the court that the Defendant had previously been advised the records he sought were destroyed and that an unidentified assistant advised the public defender as to what *would have happened* to the records pursuant to office policy. If the attorney had made it clear that the records had in fact been destroyed, this would have been a valid defense to the alternative writ of mandamus and the court would have been on solid ground in denying the petition. As it stands, this is not a case where there is no contested issue of fact. *See, e.g., Anderson v. Helm*, 581 So. 2d 590, 591 (Fla. 2d DCA 1990) (denying petition for writ of mandamus directed to appellate counsel where counsel asserted that the case file was destroyed pursuant to office policy).

On remand, if the Office of the Public Defender produces evidence that it does not in fact possess the documents which Brown is entitled to have, the petition should be denied without prejudice to Brown seeking to obtain them from other agencies that may possess them, i.e., the clerk's office or state attorney's office.

*Reversed and remanded with instructions.*

DAMOORGIAN, C.J., and FORST, J., concur.

*          *          *

*Not final until disposition of timely filed motion for rehearing.*