EDWARDS, J.
Patrick W. Wharen, Sr. (“Appellant”), appeals the denial of his petition for writ of mandamus in which he sought free copies of discovery materials prepared at public expense from the Public Defender for the Eighteenth Judicial Circuit (“Appellee”). Transcripts and record documents prepared at public expense on behalf of an indigent defendant must be provided to him without charge. Accordingly, we reverse with directions to the trial court to require Appellee to respond to the petition and to identify which of the requested discovery materials were prepared or obtained at public expense that have not already been provided to Appellant. Then, the trial court must determine which documents must be provided to Appellant without charge.
Appellee represented Appellant in his murder trial. After his direct appeal was affirmed, Appellant made repeated, written requests to Appellee to copy and send him, free of charge, all discovery material from his trial. Appellant wrote that he had obtained some documents during his direct appeal, but he provided Appellee with a detailed list of the documents he desired for seeking postconviction relief. The documents requested included, inter alia, deposition and hearing transcripts, arrest warrant, notices of depositions, and discovery responses. Appellee agreed to provide approximately three hundred pages of documents, but only in return for payment of sixty dollars in advance for copying and shipping. Appellant attached numerous letters to his petition for a writ of mandamus seeking compliance with his request. The letters were between him and both the Appellee and the State Attorney’s office, requesting free copies of documents prepared at public expense from both, with the same response from both: Appellant must pay in advance $.15 for each copy. Appellant pursued mandamus against the Appellee, but not as to the State Attorney.
“Mandamus is a common law remedy used to enforce an established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law.” Poole v. City of Port Orange, 33 So.3d 739, 741 (Fla. 5th DCA 2010). “Because a public defender or court-appointed lawyer is an ‘official,’ mandamus is an appropriate remedy to compel such an official to provide a defendant with copies of legal documents prepared at public expense.” Brown v. State, 93 So.3d 1194, 1196 (Fla. 4th DCA 2012). Transcripts and record documents that were prepared at public expense on behalf of an indigent defendant must be provided to him without charge for copy *944 ing. Rosado v. State, 1 So.3d 1147, 1148 (Fla. 4th DCA 2009). However, a defendant is not entitled to free copies of the entire file. Potts v. State, 869 So.2d 1223, 1225 (Fla. 2d DCA 2004). Aside from transcripts and other record documents prepared on behalf of the defendant at public expense, the defendant’s attorney cannot be required to provide other documents in the case file without adequate compensation. Sanford v. Black, 782 So.2d 548, 549 (Fla. 5th DCA 2001).
Appellant’s petition for writ of mandamus set forth a prima facie case for compelling Appellee to provide him with those requested documents that exist and that were prepared or obtained at public expense. When a petition sets forth a prima facie case for granting the writ, the trial court shall require the respondent to file a response. Brown, 93 So.3d at 1196. The trial court in this case did not require Appellee to respond to the petition. The trial court denied the petition in an order that reviewed applicable authorities and that used the correspondence attached to the petition as its factual basis to conclude that Appellant had already received all 'that he was entitled to obtain at no cost, and that he would need to pay for any additional documents.
Appellate courts employ the abuse of discretion standard when reviewing a trial court’s decision regarding a petition for writ of mandamus. Id. at 1195. Under the circumstances of this case, the trial court abused its discretion by failing to order the Appellee to file a response because the correspondence attached to the petition did not adequately identify which of the requested documents had been prepared or obtained at public expense. Accordingly, we reverse with directions to the trial court to order Appellee to file a response that identifies those transcripts and other record documents in Appellee’s possession that were requested by Appellant and were obtained or prepared on his behalf at public expense. Further we instruct the trial court to determine which documents Appellee shall be ordered to copy for Appellant without charge.[1] As to any other documents, the trial court must deny the petition. Rosado v. State, 1 So.3d 1147, 1148 (Fla. 4th DCA 2009).
REVERSED AND REMANDED.
SAWAYA and TORPY, JJ„ concur.

. Appellee shall also be required to list in its response what other requested documents it has in its possession that were not obtained or prepared at public expense, and advise as to the cost of copying and providing them, should Appellant desire and have the means of paying for them. Raymond v. State, 31 So.3d 946, 948 (Fla. 2d DCA 2010).