Per Curiam.
Luis Hollis appeals the trial court’s denial of his petitions for writ of mandamus, which sought to compel his court-appointed appellate defense counsel, Philip J. Massa, to provide him with the record on appeal and all trial transcripts related to the direct appeal of his criminal convictions.[1] Because the trial court erred in denying appellant’s writ of mandamus without holding an evidentiary hearing where a genuine dispute existed as to whether defense counsel actually possessed the trial transcripts, we reverse.
In 2013, appellant filed a petition for writ of mandamus in this court, seeking to compel defense counsel to provide him with a copy of the record on appeal, all trial transcripts, and any other documents related to his direct appeal that were obtained at public expense. We transferred the petition to the trial court. Appellant later filed two additional petitions for writ of mandamus in the trial court, which were substantially similar to the first petition.
The trial court issued an Amended Order to Show Cause, directing defense counsel to provide appellant with the re *268 quested materials or show cause why the requested relief should not be granted. Defense counsel filed a response, asserting that he did not have “an independent recollection to base the fact that he wrote the appeal for [appellant].” Defense counsel also stated that he did not have the trial transcripts or other records requested by appellant, and that he did “not independently recall ever having said records.”
Appellant filed a reply and submitted exhibits inconsistent with defense counsel’s representations. One exhibit was an undated letter from defense counsel to appellant in which defense counsel (1) acknowledged his receipt of a January 25, 2005 letter from appellant, and (2) stated that he would send appellant a copy of the trial transcripts in a separate mailing. Another exhibit was defense counsel’s response to this court’s order to show cause in a mandamus proceeding that appellant brought in this court in 2005. In the response, defense counsel acknowledged that he was in possession of the record on appeal and the trial transcripts, but argued that appellant should be required to pay the costs associated with the mailing of the record and trial transcripts.
The trial court later issued a Supplemental Order to Show Cause, noting that appellant’s exhibits “call into question [defense counsel’s] assertion that he does not recall ever having the records.” The court thus ordered defénse counsel to show cause why the case “does not present a disputed issue of fact that requires an evidentiary hearing.”
Defense counsel filed a response and stated that “there is no disputed fact in that the undersigned is not in possession of the records that are the subject matter of this inquiry.”
Without holding an evidentiary hearing, the trial court issued an order denying appellant’s petitions for writ of mandamus. The trial court reasoned: “Given the fact that it has been eleven (11) years since the Fourth District Court of Appeal affirmed [appellant’s conviction and sentence in case number 2001CF8538, the Court finds [defense counsels assertion that he does not possess the records requested by [appellant] credible.”
On appeal, appellant contends that the trial court erred in denying his petition for writ of mandamus without holding an evi-dentiary hearing. Appellant argues that a genuine dispute existed as to whether defense counsel possessed appellant’s trial transcripts.
A trial court’s ruling on a petition for writ of mandamus is reviewed for an abuse of discretion. Rosado v. State, 1 So.3d 1147, 1148 (Fla. 4th DCA 2009). However, “[a] court’s decision whether to grant an evidentiary hearing is subject to de novo review.” Owen v. State, 986 So.2d 534, 543 (Fla. 2008).
Transcripts or records “prepared at public expense on behalf of an indigent defendant must be provided to the defendant without charge for copying.” Brown v. State, 93 So.3d 1194, 1196 (Fla. 4th DCA 2012). “Because a public defender or court-appointed lawyer is an ‘official,’ mandamus is an appropriate remedy to compel such an official to provide a defendant with copies of legal documents prepared at public expense.” Id.
Where there is a contested issue regarding whether an official is in possession of the requested materials, it is error for a trial court to deny a petition for writ of mandamus without conducting an evidentiary hearing. See Ferrier v. Pub. Def.’s Office, Second Judicial Circuit of Fla., 171 So.3d 744, 744 (Fla. 1st DCA 2015) (holding that the trial court erred in not conducting an evidentiary hearing on *269 the contested issue of whether the Public Defender’s Office had the requested materials in its possession, despite the Public Defender’s Office’s unsworn response to the mandamus petition arguing that it did not possess some of the requested materials and that it had provided copies of the requested materials that were in its possession); see also Brown v. State, 152 So.3d 739, 740 (Fla. 4th DCA 2014) (“Brown II”) (“Because the response of the Office of the Public Defender did not assert that it had actually searched for the records requested by Brown and that they were no longer archived, we reverse and remand for an evidentiary hearing.”); Johanson v. State, 872 So.2d 387, 388 (Fla. 4th DCA 2004) (reversing the denial of a petition for writ of mandamus based on the State’s unsworn response claiming that it did not possess the records requested, and remanding for an evidentiary hearing, including an in camera inspection of the state attorney’s file, to determine the contested issue of whether the State had the requested records in its possession).
Ordinarily, a trial court should not deny a petition for writ of mandamus without an evidentiary hearing merely because an official files an unsworn response claiming that he or she is not in possession of the requested material. See Ferrier, 171 So.3d at 744; Johanson, 872 So.2d at 388. However, if an official makes a clear showing that the requested records have been destroyed, this is a valid defense to mandamus and the court may deny the petition. See Brown II, 152 So.3d at 741 (“If the attorney had made it clear that the records had in fact been destroyed, this would have been a valid defense to the alternative writ of mandamus and the court would have been on solid ground in denying the petition.”); see also Anderson v. Helm, 581 So.2d 590, 591 (Fla. 2d DCA 1990) (denying petition for writ of mandamus directed to appellate counsel where counsel’s response asserted that the case file was destroyed after five years pursuant to his employer’s policy).
Here, the trial court erred in failing to conduct an evidentiary hearing on the contested issue of whether defense counsel had the requested materials in his possession. Appellant’s exhibits showed that defense counsel did in fact possess the record on appeal and the trial transcripts at one point, but wanted appellant to pay the costs of mailing the record and transcripts. Moreover, defense counsel’s unsworn allegation that he was not in possession of the requested materials was insufficient to show that there was no contested issue of fact. Defense counsel’s denial that he possessed the requested materials was wholly conclusory. The trial court should not have denied appellant’s petition based upon a credibility determination without first holding an evidentiary hearing. See Reed v. State, 903 So.2d 344, 344 (Fla. 1st DCA 2005) (trial court should not have denied postconviction claim based upon a credibility determination without first holding an evidentiary hearing).
Accordingly, we reverse and remand for an evidentiary hearing. At the evidentiary hearing on remand, defense counsel should address whether he actually searched for the requested records and whether he confirmed that they were destroyed or were otherwise no longer in his possession. If defense counsel “produces evidence that [he] does not in fact possess the documents which [appellant] is entitled to have, the petition should be denied without prejudice to [appellant] seeking to obtain them from other agencies that may possess them, i.e., the clerk’s office or *270 state attorney’s office.” Brown II, 152 So.3d at 741.

Reversed and Remanded.

Taylor, Levine and Conner, JJ., concur.

. On direct appeal in case number 4D03-0289, this court affirmed appellant’s convictions for burglary with a deadly weapon, robbery with a deadly weapon, and false imprisonment.