Gerber, J.
The defendant appeals from the circuit court’s order denying his petition for writ of mandamus, which sought to direct the police department to comply with his request for public records relating to his conviction of attempted robbery with weapon. We affirm the denial of the petition, but without prejudice to the defendant filing a new petition attaching a document which he filed in this appeal, but did not attach to the petition at issue.
Among the records which the defendant requested from the police department were results from DNA and fingerprint tests on the weapon.
In response to the request for the test results, the police department filed an un-sworn response stating “None.”
The circuit court issued an order denying the defendant’s petition without an evi-dentiary hearing. However, the court based its denial on its finding that the defendant had not paid the proper fee for the records.
The defendant argues in this appeal that the circuit court erred by denying his petition on the basis that the test results regarding the weapon would be released to him upon payment of the proper fee, when the police department responded it did not possess such records.
We agree with the defendant’s argument. The circuit court’s order is internally inconsistent given that the court denied the defendant’s petition on the basis that the test results regarding the weapon would be released to him upon payment of the proper fee, when the police department responded there was none.
However, we nevertheless affirm the circuit court’s order denying the defendant’s petition. In order to obtain a writ of mandamus, the complaint must contain: “(1) the facts on which the plaintiff relies for *858 relief; (2) a request for the relief sought; and (3) if desired, argument in support of the complaint with citations of authority.” Fla. R. Civ. P. 1.630(b) (2016). Additionally, “[wjhen the complaint seeks a writ directed to ... a governmental or administrative agency, a copy of as much of the record is necessary to support the plaintiff’s complaint must be attached.” Id. (emphasis added).
Here, the defendant did not attach to his petition any record to support his petition. Thus, the circuit court’s denial of the petition was correct, albeit for the wrong reason. See Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla. 1999) (“[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the.judgment in the record”).
However, our affirmance is without prejudice. In support of this appeal, the defendant included in his appendix an excerpt of a deposition taken from one of the officers involved in the underlying investigation. In that excerpt, the officer testifies that he “requested that the weapon be processed for latent fingerprints, and the results of that processing was [sic] negative.” That excerpt was not attached to the defendant’s petition or otherwise presented to the circuit court, and thus was not preserved.
If the defendant files a new petition attaching the deposition excerpt, we leave it to the circuit court to decide whether such new petition creates a contested issue requiring an evidentiary hearing. See Hollis v. Massa, 211 So.3d 266, 268 (Fla. 4th DCA 2017) (“Where there is a contested issue regarding whether an official is in possession of the requested materials, it is error for a trial court to deny a petition for writ of mandamus without conducting ah evidentiary hearing.”).

Affirmed without prejudice.

Damoorgian and Forst, JJ., concur.