PER CURIAM. Appellant appeals the lower court’s denial of his motion requesting an order for trial counsel to provide him deposition transcripts. We treat Appellant’s motion as a petition for mandamus requesting the trial court to order his counsel to turn over deposition transcripts that appear to have been paid for by public funds. We remand for further proceedings as the petition appears to be facially sufficient and we cannot determine from the court’s order why the petition was denied. In his petition, Appellant notes that because he was indigent, counsel was appointed to represent him at trial. Appointed counsel was permitted to withdraw following trial and appeal, and Appellant now proceeds pro se, Appellant’s petition asserts that for the purpose of preparing a rule 3.850 post-conviction motion or petition for habeas corpus, he needs the deposition transcripts of nine named deponents.[1] If. the deposition transcripts exist and were prepared at public expense on behalf of indigent Appellant, they should be provided to him without charge. Brown v. State, 93 So.3d 1194, 1196 (Fla. 4th DCA 2012) (citing Rosado v. State, 1 So.3d 1147, 1148 (Fla. 4th DCA 2009)).[2] “Because a public defender or court-appointed lawyer is an ‘official,’ mandamus is an appropriate remedy to compel such an official to provide a defendant with copies of legal documents , prepared at public; expense.” Id. (citing Pearce v. Sheffey, 647 So.2d 333, 333 (Fla. 2d DCA 1994)). We find, and the State concedes, that Appellant’s petition for writ of mandamus is facially sufficient. Because the trial court’s order is a concise denial without explanation, we cannot determine whether denial of Appellant’s petition was appropriate. Therefore, we remand the matter for further proceedings with instructions to the trial court to grant the petition if appropriate or to issue a written order explaining why Appellant’s petition is denied, and to conduct such hearings, if any, as. may be necessary. REMANDED WITH INSTRUCTIONS. COHEN, C.J., and TORPY and EDWARDS, JJ., concur.' . Appellant requests transcripts of the following witness depositions: Sheryl Daley, Alisha Kuleski, and James Wattenbarger for depositions on June 13, 2014; Marcus Phillips and Melinda Smith for depositions on July 29, 2014; Melissa Justice for deposition on October 10, 2014; William Johnson, Susie Gainey, and Maxie Gainey for depositions on October 14, 2014. . An order in the underlying case, dated September 24, 2015, which was filed on September 28, 2015, authorizes the Justice Administrative Commission to pay Southern Court Reporters for certain deposition transcripts, including those sought by Appéllant.