IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JIMMY KIMBROUGH,

     Appellant,

v.                                                Case No.  5D18-608

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed August 17, 2018

Appeal from the Circuit Court
for Brevard County,
Morgan Laur Reinman, Judge.

Jimmy L. Kimbrough, Arcadia, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robin A. Compton,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Jimmy Kimbrough appeals the denial of his petition for writ of mandamus. Kimbrough was an indigent defendant in a criminal prosecution who was represented by the Public Defender's Office of the Eighteenth Judicial Circuit. Kimbrough requested that the Public Defender's Office provide to him free copies of certain CDs and DVDs that he alleged were previously prepared at public expense. The trial court summarily denied Kimbrough's petition, concluding that he had no "pending" prosecution and "the records

of the Public Defender's Office are not part of the judicial branch record, and are therefore not subject to release by [the circuit] court." We reverse.

"Mandamus is a common law remedy used to enforce an established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law." *Wharen v. State*, 170 So. 3d 942, 943 (Fla. 5th DCA 2015) (quoting *Poole v. City of Port Orange*, 33 So. 3d 739, 741 (Fla. 5th DCA 2010)). Because a public defender is an "official," mandamus is an appropriate remedy to compel the public defender to provide to a former client copies of record documents prepared at public expense. *Id.* (quoting *Brown v. State*, 93 So. 3d 1194, 1196 (Fla. 4th DCA 2012)). Moreover, record documents that were prepared at public expense on behalf of an indigent defendant must be provided to him or her without charge for copying. *Id.* at 943-44 (citing *Rosado v. State*, 1 So. 3d 1147, 1148 (Fla. 4th DCA 2009)).

Where, as here, a petition for writ of mandamus sets forth a prima facie case for relief, the trial court is required to order the respondent to file a response. *Id.* at 944 (citing *Brown*, 93 So. 3d at 1196). In the present case, and as properly conceded by the State, the trial court erred in summarily denying Kimbrough's petition without first ordering a response from the Public Defender's Office.

Accordingly, we reverse the order under review with directions to the trial court to order the Public Defender's Office to file a response as to whether the requested CDs and DVDs were obtained or prepared on Kimbrough's behalf at public expense. If so, then, as to those specific CDs and DVDs, the court shall order that they be copied for Kimbrough without charge. *See id.*

REVERSED and REMANDED.

ORFINGER, BERGER, and LAMBERT, JJ., concur.

2