# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0149
_____

J. DOE,

    Appellant,

    v.

GOVERNOR RON DESANTIS, in
his official capacity as custodian
of public records, and THE
EXECUTIVE OFFICE OF THE
GOVERNOR,

    Appellees.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

June 12, 2024

ROBERTS, J.

Appellant, J. Doe, seeks review of a circuit court order denying mandamus and declaratory relief related to a public records request. Appellant raises five issues on appeal, two of which merit discussion. We affirm for the reasons below.

*I.*

In an August 2022 interview, Governor DeSantis referenced a group of "six or seven pretty big legal conservative heavyweights"

who were trusted advisors for his judicial appointments to the Florida Supreme Court.

In October 2022, Appellant emailed an anonymous public records request to the Governor's Office. The request asked for:

Any and all materials, on official devices or personal devices used for official business, in whatever form, including but not limited to call logs, emails, or texts, between or among Governor Ron DeSantis, Casey DeSantis, the governor's chief of staff, his executive or personal assistants or aides, his general counsel or anyone within the general counsel's office, the director of appointments or anyone within the director of appointment's office, and the "six or seven pretty big legal conservative heavyweights" described by the governor in an interview with Hugh Hewitt on August 25, 2002 [sic].

The Governor's Office acknowledged that the request was in the queue along with a high volume of other requests. Over the next twenty days, Appellant attempted to have the Governor's Office expedite a response. On October 26, Appellant conveyed intent to file suit and suggested the Governor's Office just provide the names of the "heavyweights" to resolve the request.

The next day, Appellant, "J. Doe, anonymously and individually, a/k/a 'FloridaSupremeCourtPRR@protonmail.com'" filed a petition for writ of mandamus, a complaint to enforce the Public Records Act, and an ex parte motion for alternative writ of mandamus in the circuit court. After a hearing, the circuit court denied the petition, dismissed the complaint to enforce the Public Records Act without prejudice, and denied declaratory relief. Of relevance here, the court concluded a writ of mandamus was not available to an anonymous petitioner and even if it was, Appellant failed to state a claim for mandamus relief.

We review the circuit court's decision on the petition for writ of mandamus for an abuse of discretion. *Fla. Agency for Health Care Admin. v. Zuckerman Spaeder, LLP*, 221 So. 3d 1260, 1263 (Fla. 1st DCA 2017).

*II.*

Appellant sought mandamus relief in the circuit court under Florida Rule of Civil Procedure 1.630, which requires a petition to be filed in the name of the petitioner and not on the relation of the state. Fla. R. Civ. P. 1.630(b)(3). Because the petition was filed anonymously, the circuit court concluded it failed to meet the rule requirements and denied mandamus.

Appellant argues the rule does not prohibit anonymous filings and should not be read to do so particularly in the public records context. We disagree that Appellant justified maintaining anonymity in the circuit court.

Along with rule 1.630, Florida Rule of Civil Procedure 1.100(c)(1) requires every pleading to have a caption containing the name of all the parties. The 2016 committee notes to rule 1.100(c) note its similarity to Federal Rule of Procedure 10(a), which requires the title of the complaint to name all parties. Federal case law is instructive here. *See City of Jacksonville v. Rodriguez*, 851 So. 2d 280, 283 n.3 (Fla. 1st DCA 2003).

Federal case law recognizes rule 10(a) is not just for administrative convenience, but also serves to protect "'the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)). There is a strong presumption in favor of parties proceeding under their own names. *Farmworker Assoc. of Fla., Inc. v. DeSantis*, case no. 23-cv-22655, 2024 WL 517954, at *2 (S.D. Fla. February 9, 2024) (quoting *Plaintiff B*, 631 F.3d at 1315). But certain exceptional circumstances may justify anonymity. *Farmworker Assoc. of Fla., Inc.*, 2024 WL 517954, at *2 (citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

To proceed anonymously in federal court, a party typically files a motion, which is subject to appellate review under an abuse of discretion standard. *Chiquita*, 965 F.3d at 1246. Federal courts apply a totality of the circumstances test to determine whether the party has a substantial privacy right that outweighs the

"customary and constitutionally-embedded presumption of openness in judicial proceedings." *Frank*, 951 F.2d at 323 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

Florida recognizes a strong presumption of openness for all court proceedings. *See Barron v. Fla. Freedom Newspapers, Inc.*, 531 So. 2d 113, 117–18 (Fla. 1988). While anonymous filings are not prohibited in Florida, they should be reserved for those exceptional circumstances that outweigh the public interest in open proceedings. Appellant did not seek leave to file anonymously by filing a motion in circuit court. Even after the court mentioned the issue at the hearing, Appellant did not pursue the issue. Appellant vaguely referenced a need to prevent a chilling effect on public records requests and a need to protect Appellant's livelihood, reasons that may or may not be found exceptional were they properly presented to the court. We agree that Appellant's petition failed to comply with rule 1.630 and affirm the denial of mandamus relief on this ground. *See Major v. Hallandale Beach Police Dep't*, 219 So. 3d 856, 858 (Fla. 4th DCA 2017) (affirming denial of petition for writ of mandamus that did not comply with rule 1.630).

### III.

Even if Appellant's petition were facially valid, the circuit court properly determined Appellant failed to demonstrate a claim for mandamus. To be entitled to a writ of mandamus, a petitioner must demonstrate a clear legal right to the performance of a clear legal duty by a public officer and have no other legal remedies available. *Rhea v. Dist. Bd. of Trs. of Santa Fe Coll.*, 109 So. 3d 851, 855 (Fla. 1st DCA 2013).

Appellant failed to demonstrate a clear legal right to have the Governor's Office fulfill his request as submitted. Appellant broadly requested records between many people during an unspecified period of time. While the records custodian could possibly intuit some contextual parameters, the core information Appellant sought was a list of names Governor DeSantis referenced in a particular interview. Fulfilling such a request would require the records custodian to consult with the Governor to determine exactly who he was referencing in this interview. This

is akin to an interrogatory seeking information, not a request to produce public records. *See Bivens v. Tony*, 368 So. 3d 16, 17 (Fla. 4th DCA 2023) ("Nothing in the plain language of [section 119.01, Florida Statutes] or the Florida Constitution requires agencies to pore through their own records to answer specific questions.").

Appellant and some amici argue there is no specificity requirement in chapter 119. Nonetheless, a public records request must be specific enough for the records custodian to perform the requested action. *See Wootton v. Cook*, 590 So. 2d 1039, 1040 (Fla. 1st DCA 1991) ("If a requestor identifies a record with sufficient specificity to permit appellee to identify it and forwards the appropriate fee, appellee must furnish by mail a copy of the record."). Had Appellant drafted his request in a more tailored or specific manner, our inquiry could be different. Appellant's petition failed to demonstrate a legally sufficient claim for mandamus because his request could not be fulfilled as submitted.

## *IV.*

We affirm the portions of the order denying mandamus relief for the reasons above. Because Appellant did not prevail in showing an unlawful refusal, we affirm the portion of the order denying attorney's fees. We also affirm the portion of the order denying declaratory relief because Appellant has not challenged that ruling on appeal.

That leaves one portion of the order unresolved. After denying the petition for procedural reasons, the court unnecessarily considered the merits of the petition and ruled the identities of the legal conservative heavyweights are protected by executive privilege. We expressly decline to rule on the propriety of this ruling as it was irrelevant and unnecessary. *Cf. Bond v. United States*, 572 U.S. 844, 855 (2014) ("[I]t is 'a well-established principle governing the prudent exercise of this Court's jurisdiction that normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case.'") (quoting *Escambia Cnty. v. McMillan*, 466 U.S. 48, 51 (1984))). We AFFIRM the order without addressing this constitutional question.

RAY and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Justin Hemlepp, Ashland, KY; Steven L. Brannock and Philip J. Padovano of Brannock Berman & Seider, Tampa, for Appellant.

Mark R. Caramanica and Linda R. Norbut of Thomas & LoCicero PL, Tampa; Rachel E. Fugate and Minch Minchin of Shullman Fugate PLLC, Tampa, for Amici Curiae The Associated Press, Cable News Network, Inc., CMG Media Corp. d/b/a Cox Media Group, the First Amendment Foundation, Gannett Co., Inc., Graham Media Group, Inc., The McClatchy Co. LLC d/b/a the Miami Herald, The New York Times Co., Nexstar Media Group, Inc., Orlando Sentinel Media Group, The E.W. Scripps Co., Sun Sentinel Media Group, Times Publishing Co., and NBC Universal Media, LLC

James S. Benjamin of Benjamin, Aaronson, Edinger & Patanzo, P.A., Fort Lauderdale, for Amici Curiae Florida Center for Government Accountability, Inc., Integrity Florida Institute, Inc., League of Women Voters of Florida, Inc., League of Women Voters of Florida Education Fund, Inc., and American Oversight.

Ashley Moody, Attorney General, Tallahassee; Ryan Newman, General Counsel, and Nicholas John Peter Meros, Deputy General Counsel, Tallahassee; Henry C. Whitaker, Solicitor General, Daniel W. Bell, Chief Deputy Solicitor General, Nathan Forrester, Senior Deputy Solicitor General, and Darrick Monson, Assistant Solicitor General, Tallahassee; Christopher B. Lunny and M. Drew Parker of Radey Law Firm, Tallahassee; Laura M. Dennis, Florida State University College of Law, Tallahassee, for Appellees.